HARTWIG, Appellant, vs. ELIASON, Respondent.

*October 27—November 14, 1916.*

*Costs: Allowance: "Recovery:" Statutes construed: Libel and slan-
der: Counterclaim: Offsetting damages.*

1. The word "recovery" as used in sec. 2918, Stats.,—providing that
   costs shall be allowed to the plaintiff upon a recovery in speci-
   fied actions,—refers to the judgment in the action, not to the
   verdict.
2. Under secs. 2859, 2861, Stats., where a counterclaim is interposed
   in an action for money damages, there are never two recoveries,
   but only one, namely, the difference between the sums allowed
   by the jury or the court to the respective parties.
3. Thus, in an action for slander, where defendant counterclaimed
   for libel and the jury found both the slander and the libel and
   assessed the damages of each party at six cents, the court prop-
   erly offset the damages and rendered judgment for defendant
   for full costs, under sec. 2920, Stats., there being in such case no
   recovery by plaintiff within the meaning of sec. 2918.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *James F. Trottman,*
of counsel, and *Gustav Buchheit,* attorney, and oral argu-
ment by *Mr. Trottman.*

For the respondent the cause was submitted on the brief
of *Wilbur E. Hurlbut.*

WINSLOW, C. J.  Plaintiff sued defendant for slander,
and defendant, in addition to certain affirmative defenses,
counterclaimed for libel.  The action was tried and the jury
by special verdict found both the slander and the libel and
assessed the damages of each party at six cents.  The court
offset the damages, rendered judgment for the defendant for
full costs, and the plaintiff appeals.

The only question raised is as to the right of the defend-
ant to recover costs.  This is purely a question of statutory

construction and we think the statutes were correctly construed by the trial court. The fundamental statutory provisions are sec. 2918 and 2920, Stats. Sec. 2918 provides that costs shall be allowed to the plaintiff upon a "recovery" . . . "in an action of . . . libel, slander, . . ." but if he recover less than $50 damages he shall recover no more costs than damages. Sec. 2920 declares that the defendant shall be allowed costs in such actions unless the plaintiff be entitled thereto.

It follows from these provisions that if the plaintiff here "recovered" six cents damages he is entitled to six cents costs and the present judgment is wrong, but if the plaintiff recovered nothing the defendant is entitled to full costs and the judgment is right. It all depends on the meaning of the word "recovery" in sec. 2918. However the word may be construed in other connections, it appears certain from the provisions of secs. 2859 and 2861, Stats., that it means judgment in the cost statute and not verdict. These sections make it clear that in actions for money damages, where a counterclaim is interposed, there are never two recoveries but only one, namely, the difference between the sums allowed by the jury or the court to the respective parties. Here the amounts allowed by the jury were equal, and the court properly offset them and rendered judgment for costs to the defendant because there was no recovery by the plaintiff.

The cost bill was large in the present case and the result seems not entirely just in view of the fact that the battle was practically drawn, but this is a matter for the consideration of the legislature, not the court.

*By the Court.*—Judgment affirmed.