STATE EX REL. KORNE, Respondent, v. WOLKE, Appellant.

*No. 75–492. Submitted on briefs June 2, 1977.—
Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 446.)

For the appellant the cause was submitted on the brief of *Robert P. Russell,* corporation counsel, and *Gerald G. Pagel,* assistant corporation counsel, Milwaukee county.

For the respondent the cause was submitted on the brief of *Warren A. Kenney,* Wisconsin Indian Legal Services, of Madison.

BEILFUSS, C. J. The issue before the court is whether the trial court erred in awarding costs.

"This court has consistently held that at common law costs were unknown, and that in this state costs are regulated exclusively by statute as a matter of legislative

discretion." *Milwaukee v. Leschke,* 57 Wis.2d 159, 161, 203 N.W.2d 669 (1973). In the absence of a statute authorizing costs, they are not recoverable. *City of Beloit v. Town of Beloit,* 47 Wis.2d 377, 392, 177 N.W.2d 361 (1970). This is particularly true in the case of the state or another governmental body, or an officer of a governmental body. *See, e.g., Klingseisen v. State Highway Comm.,* 22 Wis.2d 364, 370, 126 N.W.2d 40 (1964); *Milwaukee v. Leschke, supra* at 161.

Ch. 292, Stats., governs habeas corpus proceedings. Sec. 292.37 states the amount of damages for which one shall be liable for failure to deliver an order. Sec. 292.17 states that a sheriff may be jailed for failure to make a return to the writ of habeas corpus. Sec. 292.11 states when the charges of bringing the petitioner before the court are to be paid by the petitioner. The chapter is silent concerning taxing the costs of bringing the action. This is strong evidence that the legislature did not intend that costs be awarded in a habeas corpus proceeding.

A conclusion that costs were not intended in a habeas corpus proceeding is supported by ch. 293, Stats., concerning mandamus and prohibition. Sec. 293.04 states that if judgment is for the plaintiff in mandamus or prohibition he shall recover costs. The legislature specifically provided for costs for a prevailing plaintiff in mandamus and prohibition proceedings, but did not so provide in habeas corpus proceedings. This is further evidence that the legislature did not intend costs to be taxed in habeas corpus proceedings.

In 20 Am. Jur.2d, *Costs,* sec. 35, p. 29, it is stated:

*"Public officers.* A public officer who is a party to litigation as a representative of the interests of the public is not personally liable for costs of the suit where he has acted in good faith and the litigation was not made necessary by reason of any negligence or misconduct on his part. When, however, a public official has been guilty of malfeasance, nonfeasance, or negligence in fulfilling

the duties of office imposed on him by law, he is liable for the costs of an action or proceeding brought to remedy the wrong to the same extent that any other individual wrongdoer would be liable for costs."

In this case Sheriff Wolke at all times faithfully executed his duties. He acted in good faith. This proceeding was not based upon negligence or misconduct of the sheriff. He had no discretion concerning the respondent's incarceration. He simply obeyed a court order regular upon its face. Costs are penal in nature.[2] As noted above, in Wisconsin the failure of a sheriff to comply with the orders of a court in a habeas proceeding is punishable in another manner. It may be inferred that the legislature did not specifically provide for costs in a habeas proceeding because it provided alternative penalties for a sheriff who acts improperly concerning the detention of an individual.

Habeas corpus is a civil action. *State ex rel. Reynolds v. Flynn,* 180 Wis. 556, 563, 193 N.W. 651 (1923) ; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 223, 85 N.W. 1046 (1901). One arrested for a crime brings the writ asserting the right to personal liberty against those who are holding him as a criminal.[3] Thus, while it is a civil action, it is usually brought about by a criminal charge and subsequent imprisonment. In the absence of specific statutory authority, costs are not taxed in criminal proceedings. *Faust v. State,* 45 Wis. 273 (1878). Because of the peculiar nature of habeas corpus, if the legislature intended costs to be taxable in habeas corpus it would have so provided.

[2] 20 Am. Jur.2d, *Costs,* sec. 6, pp. 8–9.

[3] *Kurtz v. Moffitt,* 115 U.S. 487, 494 (1885).

The respondent argues that secs. 814.23[4] and 814.036,[5] Stats., are grounds for taxing costs. Neither of these statutes deals specifically with habeas corpus. The question, then, is whether the general language of these statutes is sufficient to rebut the strong evidence that the legislature did not intend costs to be taxed in habeas corpus proceedings. We do not believe so.

Reliance on either of these statutes as the reason for allowing taxation of costs in a habeas corpus proceeding would mean, either as a matter of course or in the discretion of the trial court, that when a petitioner brought a writ of habeas corpus and was unsuccessful, costs would be taxed against him. This inequitable result is further evidence that the legislature did not intend the taxation of costs in a habeas corpus proceeding.

*By the Court.*—Judgment reversed.

---

[4] *"Actions by or against county.* In all actions by or against a county, and in actions or proceedings by or against county officers in their name of office, costs shall be awarded to the prevailing party as in actions between individuals."

[5] *"Omnibus costs provision.* If a situation arises in which the allowance of costs is not covered by ss. 814.01 to 814.035, the allowance shall be in the discretion of the court."