STATE of Wisconsin, Plaintiff-Respondent,

v.

Susan J. FOSTER, Defendant-Appellant-Petitioner.

Supreme Court

*No. 80–055–CR. Argued January 7, 1981.—
Decided February 2, 1981.*

(Also reported in 301 N.W.2d 192.)

For the petitioner there was a brief and oral argument by *Mark Lukoff*, first assistant state public defender.

For the respondent the cause was argued by *Betty R. Brown*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

BEILFUSS, C. J. This is a review of a decision of the court of appeals which affirmed an order of the circuit court for Taylor county: PETER J. SEIDL, Circuit Judge.

The question before the court in this case concerns the validity of an order assessing one-half the cost of one day's jurors' fees against a criminal defendant under the authority of sec. 814.51, Stats.

A criminal complaint was filed on September 28, 1978, charging the petitioner Susan J. Foster (defendant) with two counts alleging violations of sec. 49.12(9), Stats.

Sec. 49.12(9) prohibits the making of false representations to secure public assistance. Violation of this statute is a felony. After a preliminary hearing, the defendant was arraigned before the circuit court on January 8, 1979. She entered a plea of not guilty to both counts. A trial date of March 14, 1979 was set at that time, but was thereafter rescheduled for April 26, 1979.

Some time before the trial date the State and the defendant engaged in plea negotiations. The State offered to amend the charges to a single count of misdemeanor welfare fraud in exchange for a plea of guilty. The offer was initially declined. On the eve of the trial date, however, the defendant contacted her attorney and indicated a willingness to accept the proposed plea arrangement. The court was notified of the change of plea at six o'clock in the evening. Court staff worked until midnight to contact the entire jury panel to inform them of the cancellation.

The defendant appeared in court on the scheduled trial date for the purpose of offering her plea. At the hearing the defendant admitted that she was informed by her attorney that, unless done in a timely fashion, she would be liable for the cost of jury fees if she withdrew her request for a jury trial. The defendant acknowledged that she decided to change her plea before speaking with her lawyer on April 25, but she could not explain why she waited until the last possible moment to notify him. The court noted that the problem of unanticipated cancellation of jury trials was occurring too frequently in Taylor county. The cost of one day's jury fees was calculated by the court, and pursuant to the terms of sec. 814.51, Stats.,[1] the defendant was ordered to pay one-half of that sum.

---

[1] Sec. 814.51, Stats., provides: "The court shall have discretionary authority in any civil or criminal action or proceeding triable by jury to assess the entire cost of one day's juror fees for a jury, including all mileage costs, against either the plain-

On December 14, 1979, the defendant appeared before the court for a hearing on her motion to reconsider the jury fee assessment order. The defendant argued that the assessment of jury fees was contrary to the terms of sec. 973.06, Stats.[2] The motion was denied. The matter was appealed and the court of appeals affirmed the trial court's order. The opinion was not published.

This review presents the single issue of whether the criminal costs statute, sec. 973.06, bars the assessment of jury fees against a criminal defendant pursuant to sec. 814.51.

The defendant argues that secs. 814.51 and 973.06, Stats., are in direct conflict. Sec. 973.06 contains a list of taxable costs in a criminal action. Its terms are exclusive. The statute provides that the "costs taxable against the defendant shall consist of the following items and no others. . . ." Sec. 814.51 grants the court dis-

tiff or defendant or to divide the cost and assess the cost against both plaintiff and defendant, or additional parties plaintiff or defendant, if a jury demand is later withdrawn within 2 business days prior to the time set by the court for the commencement of the trial. The party assessed shall be required to make payment to the clerk of circuit court within a prescribed period and the payment thereof shall be enforced by contempt proceedings.

[2] Sec. 973.06(1), Stats., provides: "The costs taxable against the defendant shall consist of the following items and no others:

"(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed to return a defendant from another state or country.

"(b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.

"(c) Fees and disbursements allowed by the court to expert witnesses. Section 814.04(2) shall not apply in criminal cases.

"(d) Fees and travel allowance of witnesses for the defense incurred by the county at the request of the defendant, at the preliminary hearing and the trial.

"(e) Attorney fees payable to the defense attorney by the county."

cretionary authority to "assess the entire cost of one day's juror fees for a jury . . . against . . . [the criminal] defendant . . . if a jury demand is . . . withdrawn within 2 business days prior to the time set . . . for . . . trial." Arguing that sec. 814.51 creates authority for the court to tax costs, it is argued that the exclusive nature of the terms of the criminal cost statute are contradictory to the grant of power to assess jury fees against an accused. We are urged to construe away this conflict by holding that sec. 814.51 applies only to civil proceedings and that sec. 973.06 exclusively governs costs in a criminal action.

We cannot agree with the defendant's claim that an assessment made under sec. 814.51, Stats., is inconsistent with and prohibited by the terms of sec. 973.06, the criminal cost statute. The jury fee assessment statute does not authorize imposition of a taxable cost. Therefore the operation of sec. 814.51 is not altered or affected by the provisions of the criminal cost statute. These two statutes function together without conflict.

The terms "allowable costs" or "taxable costs" have a special meaning in the context of litigation. The right to recover costs is not synonymous with the right to recover the expense of litigation. This right is statutory in nature, and to the extent that a statute does not authorize the recovery of specific costs, they are not recoverable. *State ex rel. Korne v. Wolke,* 79 Wis.2d 22, 24–25, 255 N.W.2d 446 (1977) ; *Milwaukee v. Leschke,* 57 Wis. 2d 159, 161, 203 N.W.2d 669 (1978). Many expenses of litigation are not allowable or taxable costs even though they are costs of litigation.

The fact that a statute incorporates within its text the word "cost" is not conclusive evidence that the statute in question authorizes the taxation of costs as that term is used in secs. 814.01 *et seq.* or 973.06, Stats. In the case of *State v. Welkos,* 14 Wis.2d 186, 109 N.W.2d 889 (1961), the court considered the interaction of sec.

959.055, Stats. 1959, with sec. 57.01(1), Stats. 1959. Welkos was convicted and placed on probation. Sec. 57.01(1) authorized the state to collect from the probationer "the costs of prosecution" as a condition of probation. The state attempted to collect *all* costs of prosecution. The defendant Welkos argued that sec. 959.055 (the predecessor of the current sec. 973.06 criminal costs statute) limited the amount recoverable under sec. 57.01 (1) as "costs of prosecution" to *taxable costs* in a criminal prosecution. On appeal, the state prevailed. The court distinguished between taxable costs and other charges incidental to the criminal law process:

"[T]he words 'cost of prosecution' as used in sec. 57.01, Stats., are not words of art which are synonymous with taxable costs. Therefore, when the legislature defined taxable costs in a criminal case by its 1949 enactment, it did not necessarily impose the same limitations upon 'costs of prosecution' as employed in sec. 57.01, the probation statute." *State v. Welkos, supra,* 14 Wis.2d at 192.

In this case it cannot be concluded that sec. 814.51 authorizes the taxation of costs merely because it empowers the court to assess a litigant for the "cost of one day's juror fees for a jury."

To determine whether or not sec. 814.51, Stats., authorizes the taxation of costs it is necessary to examine its terms in light of the typical characteristics of a costs statute. Black's Law Dictionary (4th ed. 1957), p. 415, defines "costs" as a "pecuniary allowance, made to the successful party, (and recoverable from the losing party,) for his expenses in prosecuting or defending a suit. . . ." The costs statute of this state is in accord with this general definition. In Wisconsin, costs are awardable to a prevailing party.[3] They are payable by the defeated party upon the completion of the litigation process.[4]

[3] *See* secs. 814.02(1) and 814.03(1), Stats.
[4] *See* sec. 814.10, Stats.

Although it has been recognized that the assessment of costs is in part a penal measure,[5] the cost statute is designed to recompense the prevailing party for some of the cost of the vindication of his rights.[6] These are the salient features of a statute which authorizes the imposition of taxable costs on a defeated litigant.

These characteristic features are not to be found as a part of sec. 814.51, Stats., the jury fee assessment statute. The assessment order authorized by sec. 814.51 is unrelated to whether a litigant wins or loses his cause. As a general matter, it may be levied against either party or both parties without regard to who wins or loses. The order need not issue at the completion of the litigation. Once issued, the assessment order must be complied with "within a prescribed period," and this period is to be set by the court. The amount to be assessed is discretionary. There is no requirement in the statute that that amount be related to any actual loss incurred by the county. The assessment is payable to the clerk of court and is enforceable by virtue of contempt proceedings. This aspect of the statute indicates that the purpose of the assessment order is to regulate conduct which is disruptive of the orderly business of the court. The purpose is not to create a means of recouping sums expended by the county to impanel a jury.

The jury cost assessment under sec. 814.51, Stats., is not an authorization to levy a taxable cost against a litigant. The statute authorizes a trial court to assess against a party or parties the cost of one day's jury fees when a jury trial date has been established and the parties have failed to give the court reasonable notice of a cancellation of the jury proceeding. The authority granted by sec. 814.51 is designed to inure to

---

[5] See State ex rel. Korne v. Wolke, 79 Wis.2d 22, 26, 255 N.W. 2d 446 (1977).

[6] See sec. 814.04, Stats. See also Comment, Charging Costs of Prosecution to the Defendant, 59 Georgetown L.J. 991, 995 (1971).

the benefit of the court. It is a tool which may be utilized to effect an orderly management of the court's calendar. As such, an assessment of cost or expense to a county in calling a jury under sec. 814.51 is akin to a penalty for conduct disruptive to the administration of justice.

We have previously recognized the authority of a trial court to assess jury fees as a charge against a litigant. In the case of *Jacobson v. Avestruz*, 81 Wis.2d 240, 260 N.W.2d 267 (1977), the parties negotiated a settlement after the jury was sworn and opening statements were made. Despite the inapplicability of sec. 814.51, Stats., this court recognized that the trial court has inherent, discretionary authority to assess jury fees against a litigant for the purpose of efficiently managing the business of the court. We held that:

". . . authority to assess the costs of impaneling a jury upon parties withdrawing a demand for a jury trial is a power necessarily related to the existence of the courts and to the orderly and efficient exercise of its jurisdiction. The exercise of such power does not abridge or negate the rights of individuals preserved by the constitution." *Jacobson v. Avestruz, supra,* 81 Wis. 2d at 247.[7]

The *Jacobson Case* underscores the fact that the assessment of jury fees for the purpose of regulating the court calendar is not a taxation of costs. A court has no inherent authority to tax costs not authorized by statute. *State ex rel. Korne v. Wolke, supra.* If an assessment under sec. 814.51 were a taxation of costs, there would have been no basis for recognizing in *Jacobson* the inherent authority of a trial court to make a jury fee assessment in situations outside the scope of sec. 814.51.

The operation of sec. 814.51, Stats., is not altered or limited by the terms of sec. 973.06, the criminal costs

---

[7] The cost of the jury was held to be an abuse of discretion under different circumstances apparent in the case.

statute. When a defendant cancels a jury trial at the eleventh hour to accept a plea negotiation offered by the state, he risks the taxation of costs under sec. 973.06, and the discretionary assessment of jury fees under sec. 814.51. This penalty placed upon an untimely alteration of trial schedules is a reasonable regulation in the administration of justice. It does not discourage the exercise of the defendant's right to a trial by jury in the first instance, nor does it prohibit him from changing trial plans after having exercised the jury trial right. If the defendant decides to waive a jury or change a plea of not guilty, he or she may avoid the penalty of sec. 814.51 by simply timely notifying the court. The statute merely functions to deter disruptive practices which contribute to inefficiency in the court system.

There has been no argument before this court that the trial court abused its discretion in assessing one-half of the cost of a day's juror fees for a jury. The assessment order of the trial court was valid. The defendant is bound to pay the sum assessed.

*By the Court.*—The decision of the court of appeals is affirmed.