TOWN OF MT. PLEASANT, Plaintiff-Respondent,

v.

Norman WERLEIN, Defendant-Appellant.

Court of Appeals

*No. 83–1566. Submitted on briefs January 11, 1984.—Decided April 25, 1984.*
(Also reported in 349 N.W.2d 102.)

For the defendant-appellant, the cause was submitted on the brief of *Michael J. Piontek,* of Racine.

For the plaintiff-respondent, the cause was submitted on the brief of *Lincoln K. Murphy* of *Josten, DuRocher & Murphy, S.C.,* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   Norman Werlein was found guilty of violating the Mt. Pleasant nonconforming use ordinance and was fined $100 plus costs, including actual attorney fees of $4,380.40.  Werlein maintains on appeal that the imposition of actual attorney fees was an improper item of the "costs of prosecution."  We agree and reverse the trial court's award of costs.  Other issues raised will also be discussed.

The property in question was leased to Richard Woten, who operated an auto repair shop on the premises.  The property had been used as an auto repair shop before the zoning ordinance was adopted and, therefore, was a legitimate nonconforming use.

Reports began coming in that the shop was also repairing auto bodies—which includes auto body bumping

and auto painting. The Town of Mt. Pleasant initiated citation proceedings against Werlein for illegally expanding a nonconforming use. Werlein was found guilty of violating the zoning ordinance and was fined $100. Werlein was also enjoined from using the property as an auto body/painting garage. Costs were assessed against Werlein, including $4,380.40 in actual attorney fees.

Werlein asserts that no authority exists for the imposition of actual attorney fees against the nonprevailing party in an ordinance violation. We agree.

The trial court, in granting the actual attorney fees, relied heavily on the following segment of sec. 66.12 (1) (c), Stats.

In case of conviction the court shall enter judgment against the defendant for *the costs of prosecution,* and for the penalty or forfeiture, . . . . [Emphasis added.]

The trial court interpreted the phrase "costs of prosecution" to require the defendant to pay all of the costs incurred in prosecuting the action, including actual attorney fees.

The right to recover costs, however, is not synonymous with the right to recover the expense of litigation. *State v. Foster,* 100 Wis. 2d 103, 106, 301 N.W.2d 192, 194 (1981). This right is exclusively statutory in nature and many expenses of litigation are not allowable as taxable costs even though they are costs of litigation. *Id.*

The award of attorney fees is no exception. They are generally not recognized as recoverable unless authorized by statute or contract. *City of Beloit v. Town of Beloit,* 47 Wis. 2d 377, 392, 177 N.W.2d 361, 370 (1970). The supreme court was faced with a similar problem in *City of Beloit.* In *City of Beloit,* the trial court had awarded attorney fees as an item of "disbursements" under sec.

66.024(3), Stats. The supreme court rejected this inclusion stating:

> [t]here are statutes which specifically allow a court to award attorney's fees; however, sec. 66.024(3), Stats., does not so provide and our attention has not been directed to any authority, nor can we find any such authority, in which the term "disbursement" has been used in such a way as to indicate attorney's fees were included. *We, therefore, conclude that if the legislature had intended to allow the award of attorney's fees, it would have done so in specific terms.*

*Id.* at 393, 177 N.W.2d at 370–71 (footnote omitted; emphasis added).

We agree with the sound logic of the *City of Beloit* opinion and hold here that "costs of prosecution" fails to meet the specificity necessary to warrant the inclusion of actual attorney fees.

Other statutory provisions bolster our conclusion. First, a municipal court may not impose or collect attorney fees. Sec. 814.65(3), Stats. We note that this case originated in municipal court. Section 814.04(1), Stats., which deals generally with attorney fees as an item of costs, allows a *maximum* recovery of $100 for attorney fees. When the amount recovered is less than $200, the attorney fees allowable is $15. *Id.*

What the trial court has done here is allow a municipality to collect, through a general provision, costs it could not collect through any specific statutory section. We wholeheartedly agree with the supreme court that if the legislature had intended to allow actual attorney fees to be awarded, it would have been a simple matter for it to have specifically said so.

The most shocking aspect of the attorney fees imposed in this action is their magnitude in comparison to the forfeiture itself. It is incomprehensible that the legisla-

ture would intend to allow costs amounting to forty times the penalty. As Werlein pointed out, if sec. 66.12(1)(c), Stats., "costs of prosecution" were interpreted to include attorney fees, persons convicted of minor offenses could be liable for immense attorney fees.

Finally, the imposition of actual attorney fees would have a chilling effect on the right of citizens to appeal forfeitures from municipal court. By going into circuit court to appeal a forfeiture after an adverse municipal court decision, the defendant would become exposed to limitless liability for attorney fees. Such a result would produce a deterrent to the right to appeal—which could perhaps be of constitutional magnitude. A court is to select that construction of a statute which results in constitutionality rather than invalidity, just as it is to choose a reasonable construction rather than one that leads to an unreasonable or absurd result. *State ex rel. Lynch v. Conta,* 71 Wis. 2d 662, 689, 239 N.W.2d 313, 332 (1976). If "costs of prosecution" does not include actual attorney fees, no constitutional question arises. The trial court's award of attorney fees as an item of costs is reversed.

Werlein next contends the conviction should be dismissed as he was not the proper party to the action because he neither owned nor operated the garage. However, the evidence indicating that his wife was the owner of record was not offered until five days after the sentencing hearing. Throughout the transcript, there were numerous references to Werlein's ownership of the premises. On direct examination, he testified that he had purchased the property.

Werlein, without raising any objection, answered on the merits of the case, and a trial was had on the issue. All objections to the complaint on the ground that the wrong party was named are deemed waived by the answer and trial. *See generally Jones v. Foster,* 67 Wis.

296, 306–09, 30 N.W. 697, 701–02 (1886). This objection should have been asserted either in the responsive pleading or by motion before filing the responsive pleading. Sec. 802.06(2), Stats.

Finally, Werlein contends that the trial court was in error when it enjoined auto body painting along with body bumping because there was insufficient evidence to support the finding that painting had not been included within the permissible nonconforming use. The record shows that shortly after the purchase of the garage, Werlein appeared at a meeting of the Mt. Pleasant Planning Commission. According to the minutes of that meeting, "Mr. Werlein stated it [the garage] will be used for brake, tune-up type work, but no paint job type work. Body bumping will not be done."

Both Mr. Hessauthaler, the representative of Mt. Pleasant, and Mr. Werlein testified that those minutes were inaccurate and that Mr. Werlein actually stated auto body painting would be performed on the premises. However, another witness vouched for the accuracy of the minutes. The trial court noted in its decision that on all issues there was a great divergence of testimony and found the witness who testified on behalf of Mt. Pleasant to be the more credible.

An appellate court will not reverse a factual determination made by a trial court without a jury unless the finding is clearly erroneous. *Noll v. Dimiceli's Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983). This court will examine the record not for evidence to support a finding which the trial court did not make but for facts to support the finding the trial court did make. *Hawes v. Germantown Mutual Insurance Co.,* 103 Wis. 2d 524, 543, 309 N.W.2d 356, 365 (Ct. App. 1981).

Even when the evidence of different witnesses introduced by the same party is contradictory, the trier of

fact has a right to accept that evidence which it finds most credible under all of the circumstances. *State ex rel. Marachowsky v. Kerl*, 258 Wis. 309, 319, 45 N.W.2d 668, 673 (1951). The trial court made clear in its decision that it accepted the accuracy of the minutes of the Mt. Pleasant Planning Commission and that it found the witness who agreed with them more credible than those who did not. Credible evidence exists in the record to support the trial court's finding and decision.

*By the Court.*—Judgment and order reversed in part; affirmed in part.