STATE of Wisconsin, Plaintiff-Respondent,

v.

Janice AMATO, Defendant-Appellant.

, Court of Appeals

*No. 85–0591–CR.  Submitted on briefs July 3, 1985.—*
*Decided September 18, 1985.*
(Also reported in 375 N.W.2d 75.)

For the defendant-appellant, the cause was submitted on the briefs of *Ellen Pearlman,* assistant state public defender.

For the plaintiff-respondent, the cause was submitted on the brief of *John O. Olson,* district attorney pro tem, of *Braden & Olson* of Lake Geneva.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Janice Amato appeals from the provision of a judgment of conviction which requires her to repay one-half of the cost of a special prosecutor.[1] We conclude that the trial court was without statutory authority to impose this requirement either as a condition of probation or as an item of costs. We modify the judgment to eliminate the offending provision and affirm the judgment as modified.

Following a jury trial, Amato was found guilty of misdemeanor theft pursuant to sec. 943.20(1)(a) and (3)(a), Stats., and receipt of stolen property pursuant to sec. 943.34(1), Stats. The judgment of conviction was entered on May 14, 1984. On October 25, 1984, the trial court, on its own motion, amended the judgment of conviction to provide that Amato was to pay one-half of the cost of the special prosecutor. The trial court denied Amato's motion to strike the amendment to the judgment of conviction. This appeal followed.

---

[1] The district attorney filed a petition with the circuit court seeking the appointment of a special prosecutor because of his acquaintance with Amato and two other potential defendants, all of whom were employees of the Walworth County Sheriff's Department.

We first note that the imposition of special prosecutor fees as an item of costs pursuant to sec. 973.06, Stats., is clearly prohibited. The statute details those costs taxable against a defendant and prohibits the imposition of any others.[2] Special prosecutor fees are not included. The state does not contend upon appeal that the special prosecutor fees can be recovered under this statute.

Former statutes, secs. 57.01(1) and 57.04(1), Stats. (1967), since repealed,[3] expressly permitted the imposition of the costs of prosecution as a condition of probation in felony and misdemeanor cases respectively. Based upon this statutory authority, the Wisconsin Supreme Court in *State v. Welkos,* 14 Wis. 2d 186, 109 N.W. 2d 889 (1961), approved the imposition of the costs of a special prosecutor as a condition of probation. The state rests its position squarely on *Welkos* in spite of the repeal of secs. 57.01 and 57.04. It also contends that the

---

[2] Section 973.06, Stats., provides as follows:

Costs. (1) The costs taxable against the defendant shall consist of the following items and *no others:*

(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed to return a defendant from another state or country.

(b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.

(c) Fees and disbursements allowed by the court to expert witnesses. Section 814.04(2) shall not apply in criminal cases.

(d) Fees and travel allowance of witnesses for the defense incurred by the county at the request of the defendant, at the preliminary hearing and the trial.

(e) Attorney fees payable to the defense attorney by the county or the state.

(2) The court may remit the taxable costs, in whole or in part.

(3) If the court orders payment of restitution as a condition of probation, collection of costs shall be as provided under s. 973.09(1g) and (1m). [Emphasis added.]

[3] Sec. 16, ch. 255, Laws of 1969.

language of sec. 973.09(1)(a), Stats., allowing a trial court to impose "reasonable and appropriate" conditions of probation, is sufficiently broad to permit the condition of probation imposed in this case. We disagree.

The fashioning of a criminal disposition is not an exercise of broad, inherent court powers. *Grobarchik v. State,* 102 Wis. 2d 461, 467, 307 N.W.2d 170, 174 (1981). It is for the legislature to prescribe the punishment for a particular crime and it is the duty of the court to impose that punishment; if the authority to fashion a particular criminal disposition exists, it must derive from the statutes. *Id.; State v. Gereaux,* 114 Wis. 2d 110, 112, 338 N.W.2d 118, 118 (Ct. App. 1983); *State v. Machner,* 101 Wis. 2d 79, 81–82, 303 N.W.2d 633, 635 (1981).

Costs and conditions of probation are routinely imposed against a convicted defendant as separate components of a criminal case disposition. Both are sanctioned by ch. 973, Stats. When multiple statutes are contained in the same chapter and assist in implementing the chapter's goals and policy, the statutes should be read *in pari materia* and harmonized if possible. *See County of Dane v. Racine County,* 118 Wis. 2d 494, 498, 347 N.W. 2d 622, 625 (Ct. App. 1984).

The state's argument, however, does not harmonize the two statutes. Rather, it renders sec. 973.06, Stats., meaningless for it would expressly permit by way of a condition of probation that which is expressly prohibited as an item of costs. Such interpretations are to be avoided. *See Johnson v. State,* 76 Wis. 2d 672, 676, 251 N.W.2d 834, 836 (1977); *State v. Ross,* 73 Wis. 2d 1, 5, 242 N.W.2d 210, 212 (1976). Furthermore, statutory interpretations which effectively repeal other statutes by implication are not favored by the law. *See Maxey v.*

*Redevelopment Authority of Racine,* 120 Wis. 2d 13, 24, 353 N.W.2d 812, 818 (Ct. App. 1984). It is the duty of the courts, if possible, to construe two statutes such that both will be operative. *Id.*

In addition, we conclude that the costs statute, sec. 973.06, Stats., is the more specific in terms of the costs of prosecution than the probation statute, sec. 973.09, Stats. The special prosecutor's fees were among the expenses of litigation in this case. However, many expenses of litigation are not allowable as taxable costs even though they are costs of litigation. *State v. Foster,* 100 Wis. 2d 103, 106, 301 N.W.2d 192, 194 (1981). The right to recover costs is not synonymous with the right to recover the expense of litigation. *Id.* Such right is statutory in nature, and to the extent that the statute does not authorize the recovery of specific costs, they are not recoverable. *Id.; State ex rel. Korne v. Wolke,* 79 Wis. 2d 22, 24–25, 255 N.W.2d 446, 448 (1977) ; *City of Milwaukee v. Leschke,* 57 Wis. 2d 159, 161, 203 N.W. 2d 669, 670–71 (1973).

Professor Sutherland in his treatise on statutory construction observes:

"General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, *and another deals with a part of the same subject in a more detailed way,* the two should be harmonized if possible; but if there is any conflict, *the latter will prevail,* regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling. In the language of a court: 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment . . . .' [Footnotes omitted; emphasis added.]" 2A Sutherland, Statutory Construction § 51.05 (4th ed. 1973).

*Maxey* at 22–23, 353 N.W.2d at 817 (footnote omitted). We conclude that sec. 973.09, Stats., must be read *in pari materia* with sec. 973.06, Stats., and that sec. 973.06 is the specific controlling statute as to the issue on this appeal.

The state argues that the enactment of the present sec. 973.09, Stats., coupled with the repeal of former secs. 57.01 and 57.04, Stats., was a modernization of the probation statute designed to broaden the authority of sentencing judges to impose reasonable and appropriate conditions of probation. We agree that sec. 973.09, by its general language, substantially broadened the authority of trial judges to impose conditions of probation. However, this does not allow us to ignore the pointed history that the language in the former statute expressly allowing the imposition of the costs of the prosecution was specifically deleted in the successor statute. Under such circumstances, the ruling of *Gereaux,* 114 Wis. 2d at 113 n. 3, 338 N.W.2d at 119, controls:

"Provisions in an obsolete and inoperative act which are omitted in another act relating to the same subject matter cannot be applied in a proceeding under the other act because to do so would give effect to the inoperative act." 2A J. Sutherland, *Statutes and Statutory Construction,* § 51.04 (C. Sands 4th ed. 1973).

If the probation statutes alone governed this question, we perhaps would agree that the condition of probation imposed here was reasonable and appropriate. However, we conclude that it is for the legislature to expressly permit the imposition of such a condition of probation in light of the express prohibition recited in the cost statute.

*By the Court.*—Judgment and order modified and as modified, affirmed.