Jeanne FINKENBINDER, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTO INSURANCE CO., Defendant-Respondent.

Court of Appeals

*No. 97–0357. Submitted on briefs October 10, 1997.—Decided November 12, 1997.*

(Also reported in 572 N.W.2d 501.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *S.A. Schapiro* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *E. John Raasch* and *Andrew J. Zbaracki* of *Tikalsky, Raasch & Tikalsky* of Waukesha.

Before Snyder, P.J., Brown and Nettesheim, JJ.

SNYDER, P.J.   Jeanne Finkenbinder appeals from a trial court order which followed arbitration of her claim against her underinsurance carrier, State Farm Mutual Auto Insurance Co. Following the filing of the arbitration award, Finkenbinder moved the trial court to award costs, preverdict interest on her medical

expenses and postaward interest on all damages.[1] The trial court denied her motions.

Finkenbinder now renews her claims that: (1) she should be awarded costs; (2) she should be permitted to recover preverdict interest on the stipulated medical expenses; and (3) the common law should be changed to allow interest on the entire tort award for both liquidated and unliquidated damages. We conclude that the relevant statutory authority for awarding costs, § 814.01, STATS., does not apply to a party in an arbitration proceeding, that Finkenbinder never raised the issue of preverdict interest during arbitration and has thereby waived it, and that we are bound by existing precedent as it pertains to the computation of postaward interest. Consequently, we affirm.

Finkenbinder was injured when she was struck by a car while crossing the street. American Family Insurance, which insured the driver of the car, paid out the limits of its policy on behalf of its insured and was released. State Farm, as Finkenbinder's underinsurance carrier, brought a motion to compel arbitration.[2] The circuit court granted that motion; an arbitration hearing was held and resulted in a net award of $131,000.[3] After the arbitrator's award was

---

[1] Finkenbinder concedes that this last issue would require a change in the law to allow interest on all damages in tort actions, regardless of their resolution.

[2] The motion to compel was based on a specific provision in the insurance contract.

[3] The original arbitration award was for $462,156.55, which included $350,000 for "gross pain, suffering, disability and disfigurement," and $112,156.55 for stipulated medical bills. This was then reduced by fifty percent due to the fifty percent negligence attributable to Finkenbinder in the accident. The remaining award of $231,078.27 was then reduced by the

filed, Finkenbinder moved the circuit court for costs, preverdict interest and postaward interest. The circuit court denied the motions and Finkenbinder appeals.

■

Ordinarily, the award of an arbitrator is subject to only limited review. Our review of the arbitrator's award is without deference to the trial court and our function is to insure that the parties received the arbitration they bargained for. *See City of Madison v. Local 311, Int'l Ass'n of Firefighters, AFL-CIO,* 133 Wis. 2d 186, 190, 394 N.W.2d 766, 768 (Ct. App. 1986). The court to which an award is returned may generally modify an award only on the grounds specified by statute. *See McKenzie v. Warmka,* 81 Wis. 2d 591, 603, 260 N.W.2d 752, 758 (1978). However, in the instant case it is not review of the arbitration award that Finkenbinder seeks; rather, she asks that we reverse the trial court's ruling that found she was not permitted to recover costs and interest on the award. We begin with the issue of costs.

■

The trial court concluded that there was no entitlement to "costs in a circuit court action in a matter that was commended ultimately to arbitration" and therefore denied Finkenbinder's request. Our review of this issue requires us to construe the applicable statute, § 814.01, STATS. Construction of a statute and its application to a particular set of facts is a question of law that we review de novo. *See Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989).

Section 814.01, STATS., is entitled "Costs allowed to plaintiff." It provides: "Except as otherwise provided in this chapter, costs shall be allowed of course to the

$100,000 that Finkenbinder had already received from American Family, the tortfeasor's insurer.

148

plaintiff upon a recovery." Finkenbinder reasons that since ch. 788, STATS., which addresses arbitration, is silent as to an award of costs and nothing in ch. 814, STATS., forbids the court to award costs after arbitration, the words "of course" lead to the conclusion that the trial court erred in refusing to award costs. *See* § 814.01.

The predecessor section to § 814.01, STATS.,[4] was considered by the supreme court in *DeGroff v. Schmude,* 71 Wis. 2d 554, 238 N.W.2d 730 (1976). In that case, costs had been awarded to a third-party defendant and his insurer after a jury had found the third-party defendant ten percent causally negligent. *See id.* at 568, 238 N.W.2d at 737. However, because a new trial was ordered based on the trial court's finding that the jury's apportionment of negligence as between the other parties was contrary to the great weight of the evidence, the supreme court concluded that any award of costs "should abide the result of the new trial." *Id.* at 569, 238 N.W.2d at 738. The court there stated:

> A plaintiff is entitled to costs under sec. 271.01 only 'upon a recovery.' Because a new trial was ordered, the third-party plaintiffs did not recover in their action for contribution and a literal reading of the cited sections would appear to support the awarding of costs to the third-party defendants.

> However, a persuasive argument is also made that the legislature did not intend that the awarding of costs to a defendant be mandatory whenever the plaintiff fails to recover on his claim. Rather, the statutory scheme appears to contemplate the

---

[4] The wording of the statute has not changed. *See* § 271.01, STATS., 1973.

> awarding of costs only to successful parties. *Where, as here, there is no final determination on the merits and the action does not end in judgment for one party or the other, neither party should be entitled to costs.*

*Id.* at 568, 228 N.W.2d at 737 (emphasis added) (footnote omitted). While the *DeGroff* court considered a different question pertaining to this statutory section from that presented by the instant case, we find instructive its explicit recognition that costs under this section are contemplated when there has been a "final determination on the merits" and the action ends in "judgment for one party or the other." *Id.*

In a more recent case which considered the statutory imposition of costs, *State v. Foster,* 100 Wis. 2d 103, 301 N.W.2d 192 (1981), the court made this pronouncement: "In Wisconsin, costs are awardable to a *prevailing party.* They are payable by the defeated party upon the completion of *the litigation process." Id.* at 107, 301 N.W.2d at 195 (emphasis added) (footnote omitted). The court defined the parameters of the costs section: "[T]he cost statute is designed to recompense the prevailing party for some of the cost of the vindication of his rights. These are the salient features of a statute which authorizes the imposition of taxable costs on a defeated litigant." *Id.* at 108, 301 N.W.2d at 195. The court then contrasted the application of the jury fee assessment statute, *see* § 814.51, STATS., and concluded that it is unrelated to whether a litigant wins or loses his or her case. *See Foster,* 100 Wis. 2d at 108, 301 N.W.2d at 195. Because of this, an order for the assessment of jury fees need not await the completion of the litigation and is left to the trial court's discretion. *See id.*

In *Zintek v. Perchik,* 163 Wis. 2d 439, 471 N.W.2d 522 (Ct. App. 1991), this court considered, inter alia, certain challenges to a trial court's award of costs to a plaintiff after litigation. We stated that while "the right to recover costs is not synonymous with the right to recover the expenses of litigation," the right of recovery is statutory in nature and "to the extent that the statutes do not authorize the recovery of specific costs, they are not recoverable." *Id.* at 470, 471 N.W.2d at 534 (footnote omitted). We also noted that the omnibus costs statute, § 814.036, STATS., permits recovery of costs that are not statutorily defined at the discretion of the trial court. *See id.* at 470 n.15, 471 N.W.2d at 534.

Consideration of the applicable statutory section and relevant case law convinces us that the statutory scheme of ch. 814, STATS., envisions a "prevailing party" as one who is successful in a litigated trial court proceeding, not one who succeeds in obtaining an award before an arbitrator. This conclusion squares with prior case law that has considered the issue of awarding costs in various actions. Furthermore, our holding is also supported by the following definition of arbitration: "[A] method of alternative dispute resolution which occurs outside established or traditional tribunals of justice." *State v. P.G. Miron Constr. Co.,* 181 Wis. 2d 1045, 1054, 512 N.W.2d 499, 503 (1994). Arbitration is distinct from a judicial proceeding; " 'its strongest points lie in those areas where it most widely differs from the courts. . . . The rules of law which provide such a framework in litigation are at most a minor part of the arbitration process.' " *Id.* at 1054, 512 N.W.2d at 504 (quoted source omitted). We conclude that a party who succeeds in obtaining an award

through arbitration is not a prevailing party within the meaning of § 814.01, STATS. We therefore affirm the trial court's denial of costs to Finkenbinder in this action.

Finkenbinder responds that costs should have been permitted because the action "began as a circuit court action and ended as one." However, it is not the beginning and end points of an action that are dispositive; rather, the determining factor is whether the action was the subject of a *litigated* trial court proceeding. She also argues that if we were to hold that an award of costs was discretionary pursuant to § 814.035, STATS., "the Court's ruling comments on the matter were a simple denial of the motion, without any discussion of applicable law and . . . [t]hat of course, constitutes an abuse of discretion."

The issue presented to the trial court was whether taxable costs are statutorily authorized following an arbitration award. Counsel for State Farm argued there was "no statutory authority; no case law" permitting recovery of costs after arbitration. Finkenbinder's counsel responded by stating, "There is a circuit court action." The trial court responded to this argument as follows: "I don't believe that entitles you to costs in a circuit court action in a matter that was commended ultimately to arbitration, and therefore the request for costs are denied, as well." Because the trial court addressed Finkenbinder's legal entitlement to costs rather than its discretionary authority to award authorized costs, we disagree with her conclusion that the court's ruling involved an erroneous exercise of discretion. Discretion in awarding costs takes place only when the law allows the court to consider whether to grant costs in the first place.

Finkenbinder next claims that she should have been awarded preverdict interest on the stipulated medical expenses that she recovered as part of the arbitration proceedings. She cites to *Maskrey v. Volkswagenwerk Aktiengesellschaft,* 125 Wis. 2d 145, 370 N.W.2d 815 (Ct. App. 1985), in support of this claim. She argues that once American Family was dismissed from the action, the only remaining defendant was State Farm and thus the rule of *Maskrey* should apply to her "stipulated to and uncontested medical expenses."

Without considering the merits of Finkenbinder's claim, we conclude that she has waived this issue due to her failure to raise it during arbitration. Absent a reservation of rights, even partial participation in the arbitration process can estop a party from challenging the arbitration agreement. *See Pilgrim Inv. Corp. v. Reed,* 156 Wis. 2d 677, 685, 457 N.W.2d 544, 548 (Ct. App. 1990). Finkenbinder did not raise this issue before the arbitrator; she is now bound by that agreement.

Finkenbinder's final claim on appeal is founded upon her position that "the common law should be changed to allow preverdict interest on all tort damages, liquidated or unliquidated." The supreme court has held that "a decision to allow pre-verdict interest on unliquidated tort claims would require a study of complex social and economic factors and policy considerations which this Court is not equipped to make. We conclude that such a study and decision is better left to the legislature." *Johnson v. Pearson Agri-Systems, Inc.,* 119 Wis. 2d 766, 782, 350 N.W.2d 127, 135 (1984). This position was reaffirmed in *Nicholson v. Home Insurance Co.,* 137 Wis. 2d 581, 608–09, 405 N.W.2d 327, 338 (1987). Because the supreme court is the only state

court with the power to overrule, modify or withdraw language from one of its previous cases, *see Cook v. Cook,* 208 Wis. 2d 166, 189, 560 N.W.2d 246, 255–56 (1997), we are bound by existing precedent on this question.

*By the Court.*—Order affirmed.