ESTATE OF William Y. RADLEY, Sr., deceased,
by Kerry Radley personally and as personal
representative, Plaintiff-Respondent,

Kelly RADLEY, Randall Radley and Rex Radley,
Plaintiffs,

v.

Sandra IVES, Defendant,

THEDACARE, INC. d/b/a ThedaCare Physicians
Services-Waupaca Family Medicine Associates
and Midwest Medical Insurance Company,
Defendants-Appellants.

Court of Appeals

*No. 2009AP653. Submitted on briefs January 22, 2010.
—Decided October 20, 2011.*

2011 WI App 144

(Also reported in 807 N.W.2d 633.)

678

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Samuel J. Leib* and *Sean M. Gaynor* of *Leib & Katt, LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lynn R. Laufenberg* and *Joseph F. LaDien* of *Laufenberg Law Group, S.C.*, Milwaukee.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. William Radley, Sr. died while a patient at a facility owned and operated by ThedaCare, Inc. Radley's estate and surviving family members (collectively, "the Estate") brought suit against ThedaCare.[1] Following a jury trial, the trial court ordered ThedaCare to pay costs to the Estate pursuant to WIS. STAT. § 814.01(1) (2009–10).[2] ThedaCare appeals the award of statutory costs. We

---

[1] We refer to the defendants, ThedaCare, Inc. doing business as ThedaCare Physicians Services-Waupaca Family Medicine Associates, and Midwest Medical Insurance Company, collectively as "ThedaCare."

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

conclude the circuit court properly awarded costs to the Estate pursuant to § 814.01(1) because the Estate was the prevailing party and obtained a recovery within the meaning of the statute. We therefore affirm.

## BACKGROUND

¶ 2. In early April 2004, William Radley, Sr. was hospitalized for several days following a heart attack. Radley was then transferred to the Wisconsin Veterans Home in King, Wisconsin. The discharging physician prescribed anticoagulants and recommended a daily test to monitor the effects of the anticoagulants. At the Veterans Home, a ThedaCare physician determined it was not necessary to perform the anticoagulant monitoring test on a daily basis. The first anticoagulant monitoring test was performed approximately two weeks after Radley was transferred to the Veterans Home. Radley died two days later. An autopsy performed by the Milwaukee County Coroner determined that Radley died of excessive blood loss.

¶ 3. The Estate of William Radley, Sr. filed a medical malpractice and wrongful death action against ThedaCare, alleging that physicians employed by ThedaCare were negligent in the care and treatment of Radley for failing to properly monitor his anticoagulation medication. The Estate sought damages related to ThedaCare's negligence. Shortly before trial, the Estate and ThedaCare entered into two stipulations. In the first stipulation, ThedaCare conceded that it was negligent with respect to its policies and procedures for monitoring Radley's anticoagulation medication and that its negligence was a substantial factor in causing injury and death to Radley. In that stipulation, it was stated that "ThedaCare is disputing the nature, extent and whether there were other substantial factors caus-

680

ing the damages the plaintiffs are claiming." In the second stipulation, ThedaCare acknowledged responsibility for $10,052.07 in funeral expenses incurred as a result of Radley's death and that the court would answer the damage question regarding the amount of the funeral expenses.

¶ 4.   A trial was held on whether ThedaCare negligently caused Radley's pre-death pain and suffering by negligently monitoring Radley's anticoagulation medication. ThedaCare's position at trial was that Radley's pre-death pain and suffering was caused by factors other than its negligent monitoring of his anticoagulation medication. On the sole question presented—the amount of Radley's damages caused by the negligent monitoring of Radley's anticoagulation medication at the Veterans Home—the jury returned an answer of zero dollars.

¶ 5.   After the trial, the Estate submitted a bill of costs to the court pursuant to WIS. STAT. § 814.01(1). ThedaCare objected to the Estate's request for costs and filed its own motion for costs pursuant to WIS. STAT. § 814.03(1) as a prevailing defendant. The court, in a written order, granted the Estate's request for costs. ThedaCare filed a motion for reconsideration, which the court denied in a written order. Based upon the stipulations and the jury's verdict, a judgment was entered in favor of the Estate, awarding costs to the Estate for the funeral and burial expenses, plus interest and taxable costs. ThedaCare appeals. Additional facts are provided as necessary in the discussion section.

## DISCUSSION

¶ 6.   The sole issue on this appeal is whether the Estate is entitled to costs under WIS. STAT. § 814.01(1).

This presents a question of statutory interpretation, which is a question of law subject to de novo review. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 659, 539 N.W.2d 98 (1995).

¶ 7.   When interpreting a statute, we begin with the statutory language and give it its common meaning. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we stop the inquiry and apply that meaning. *Id.*

¶ 8.   Wisconsin Stat. § 814.01(1) provides as follows: "Except as otherwise provided in this chapter, costs shall be allowed of course to the plaintiff upon a recovery." This statute has been interpreted to apply only to a plaintiff who is a "prevailing party" in a "litigated trial court proceeding." *Finkenbinder v. State Farm Mut. Auto Ins. Co.*, 215 Wis. 2d 145, 151, 572 N.W.2d 501 (Ct. App. 1997).

¶ 9.   Costs   awarded   pursuant   to   Wis.   Stat. § 814.01(1) "are contemplated when there has been a 'final determination on the merits' and the action ends in 'judgment for one party or the other.' " *Finkenbinder*, 215 Wis. 2d at 150 (quoting *DeGroff v. Schmude*, 71 Wis. 2d 554, 568, 238 N.W.2d 730 (1976)). The purpose of the costs statute is "to recompense the prevailing party for some of the cost of the vindication of his rights." *Id.* Costs "are payable by the defeated party upon the completion of *the litigation process.*" *Id.*

¶ 10.   ThedaCare argues the Estate is not entitled to costs under Wis. Stat. § 814.01(1) for three reasons: (1) the Estate was not the "prevailing party" because it did not obtain a "recovery" as a result of the resolution

of a disputed issue in a trial; (2) case law limits awarding costs obtained by a settlement and the stipulation here is akin to a settlement; and (3) awarding costs based on stipulations is against public policy. We reject these arguments and conclude that the court properly awarded the Estate costs under § 814.01(1).

¶ 11. ThedaCare first argues the Estate is not entitled to costs under WIS. STAT. § 814.01(1) as the prevailing party because the Estate did not obtain a recovery by the mechanism of a trial. According to ThedaCare, there was no recovery because the jury returned a zero dollar verdict on the only issue resolved at trial, the amount of damages for Radley's pre-death pain and suffering. ThedaCare argues that the Estate's award of $10,052.07 in funeral expenses is not a "recovery" for purposes of § 814.01(1) because it was not the product of a "litigated trial court proceeding" under *Finkenbinder*, but rather was obtained by stipulation. In other words, ThedaCare suggests that a "litigated trial court proceeding" means a trial, and thus a prevailing party is one who obtains a recovery as the result of a favorable trial verdict, not by stipulation. We disagree.

¶ 12. We begin with the language of WIS. STAT. § 814.01(1). The statute requires the award of costs to a plaintiff "upon a recovery." That is, the statute does not limit the circumstances under which a recovery must be made to be entitled to costs. Thus, nothing in the statutory language requires that the "recovery" result from a dispute resolved by a trial.

¶ 13. Case law interpreting an early version of § 814.01(1) states that "recovery" for purposes of this statute refers to recovery on the judgment, not recovery on the verdict. *See Hartwig v. Eliason*, 164 Wis. 331, 332, 159 N.W. 943 (1916). In *Hartwig*, the trial court

683

awarded full costs to the defendant on the theory that the plaintiff had not obtained a "recovery" within the meaning of the statute. In that case, after a trial, the plaintiff and defendant were each awarded six cents in damages on their respective claims and counterclaims. The supreme court upheld the award of costs to the defendant based on an interpretation of WIS. STAT. ch. 129, § 2918 (1915), the former § 814.01(1); and WIS. STAT. ch. 129, § 2920 (1915), the former § 814.03(1). Although the plaintiff had been awarded damages of six cents on the verdict, and therefore arguably made a "recovery," the *Hartwig* court concluded "recovery" within the statute meant on the judgment, and the plaintiff had not recovered on the judgment because the judgment awarded the plaintiff nothing due to the off-setting awards. Thus, under *Hartwig*, courts assessing a request for costs under WIS. STAT. §§ 814.01(1) or 814.03(1) look to whether the plaintiff has made a recovery under a judgment, not to whether he or she obtained a favorable verdict at trial.

¶ 14. ThedaCare's reliance on the phrase "litigated trial court proceeding" in *Finkenbinder* is misplaced. According to ThedaCare, in *Finkenbinder* we used the phrase "litigated trial court proceeding" to mean tried to a verdict. This is a misreading of *Finkenbinder*. In *Finkenbinder*, we distinguished between arbitration and a "litigated trial court proceeding" in the context of concluding that costs under WIS. STAT. § 814.01(1)[3] did not include costs in an arbitration. *Finkenbinder*, 215 Wis. 2d at 151–52. Nothing in *Finkenbinder* suggests that we meant that costs under

[3] In *Finkenbinder v. State Farm Mutual Auto Insurance Co.*, 215 Wis. 2d 145, 148–49, 572 N.W.2d 501 (Ct. App. 1997), we construed the predecessor statute to WIS. STAT. § 814.01(1), § 814.01. The wording of the statute has not changed.

684

§ 814.01(1) are available to a plaintiff only if the issue on which the plaintiff prevails in a trial court proceeding is resolved by a trial.

■■

¶ 15.    Based upon the plain language of WIS. STAT. § 814.01(1) and *Hartwig*'s interpretation of "recovery" in an early version of the statute, we conclude that a plaintiff obtains a "recovery" and is entitled to statutory expenses under § 814.01(1) when litigation results in a court judgment awarding a recovery. A prevailing plaintiff for purposes of § 814.01(1) is a plaintiff who is awarded a recovery in a judgment, not, as ThedaCare incorrectly suggests, a plaintiff who obtains a recovery as a result of a recovery dispute resolved by a trial.

■

¶ 16.    In this case, the circuit court entered a judgment incorporating the parties' stipulations that ThedaCare's negligence was a substantial factor in causing Mr. Radley's death, and that ThedaCare would pay the Estate $10,052.07 for Radley's funeral expenses. We conclude that, regardless of the jury's zero dollar verdict on the question of Radley's pain and suffering resulting from ThedaCare's negligence, the Estate made a "recovery" within the meaning of WIS. STAT. § 814.01(1) when the court entered a final judgment that included a recovery in the amount of $10,052.07.

¶ 17.    ThedaCare next argues that, as a matter of law, WIS. STAT. § 814.01(1) does not apply to claims resolved by "stipulation or settlement," such as in this case. ThedaCare asserts that the stipulations in this case are "akin to a settlement," and that in *Aul v. Golden Rule Insurance Co.*, 2007 WI App 165, ¶¶ 42–44, 304 Wis. 2d 227, 737 N.W.2d 24, we held that costs are not allowed for settlements, which, we said, do not constitute a "judicial recovery." This is not a correct reading of *Aul*. The

statement that ThedaCare relies on in *Aul* simply referred to the particular settlement in that case as not being a judicial recovery. Nothing in *Aul* suggests that settlements in general do not result in a judicial recovery. What is significant in *Aul* for our purposes here is that there, the settlement did not result in a recovery in a judgment.[4] Here, however, the stipulations resulted in a judgment for the Estate in the amount of $10,052.07. We conclude that nothing in Wis. Stat. § 814.01(1) or the case law interpreting the costs statutes prevents a plaintiff from obtaining costs when the recovery is a result of a stipulation and judgment.

¶ 18.   Finally, ThedaCare argues that allowing a plaintiff to recover costs based on a payment made as a result of a stipulation violates public policy. It argues that awarding costs against parties who enter into stipulations to narrow the issues to be tried will discourage these types of agreements. ThedaCare also points out that Wisconsin has a "long standing policy in favor of settlements," and that imposing costs against parties that stipulate conflicts with this policy and will result in piecemeal litigation. This argument lacks merit. We are aware of no authority permitting us to ignore the plain language of a statute and interpret that statute based on our own view of desirable public policy.

---

[4] *Aul v. Golden Rule Insurance Co.*, 2007 WI App 165, 304 Wis. 2d 227, 737 N.W.2d 24, involved multiple defendants. After the Auls had settled with most of the defendants, the circuit court granted summary judgment to their insurer, the remaining defendant, and awarded that defendant costs under Wis. Stat. § 814.03(1). On appeal, the Auls argued that the circuit court had the discretion under Wis. Stat. § 814.03(2) not to award costs to their insurer because the Auls had "recovered" against the other defendants with whom they had settled. *Id.*, ¶ 44. We rejected the Auls' argument based on a plain reading of § 814.03(1). *Id.*

¶ 19. Regardless, awarding costs here is, in fact, consistent with the public policy underlying the statute, which is "to recompense the prevailing party for some of the cost of the vindication of his rights." *Finkenbinder*, 215 Wis. 2d at 150 (citation omitted). The Estate incurred costs to file the complaint and litigate the case in order to obtain a recovery. The Estate would not have incurred the cost to litigate had ThedaCare accepted liability and paid damages prior to the filing of the lawsuit. The costs statute is designed to compensate parties such as the Estate for having to vindicate their rights in court regardless whether the case is tried or resolved upon stipulations.

¶ 20. Because we conclude that the Estate was the prevailing party in a litigated trial court proceeding, we conclude the circuit court properly awarded the Estate costs pursuant to Wis. Stat. § 814.01(1).[5] We affirm.

*By the Court.*—Judgment affirmed.

■■■■

[5] ThedaCare argues that it is entitled to recover costs under Wis. Stat. § 814.03(1) because the Estate, as the plaintiff, is not entitled to costs under § 814.01(1). Because we conclude that the Estate is entitled to costs under § 814.01(1), it follows that ThedaCare is not entitled to costs under § 814.03(1).