STATE EX REL. David W. RABE, Petitioner-Appellant,

v.

William FERRIS, Sheriff, Dane County, and Bronson C. La Follette, Attorney General, Respondents.

Supreme Court

*No. 80–327–W. Argued June 2, 1980.—Decided June 27, 1980.*
(Also reported in 293 N.W.2d 151.)

For the petitioner the cause was argued by *William F. Bauer,* assistant state public defender, with whom on the briefs was *John E. Tradewell,* assistant state public defender.

For the respondents the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, C.J.   This is an original action for a writ of habeas corpus whereby petitioner David W. Rabe seeks release from the Dane County jail pending his trial on four counts of homicide by intoxicated use of a motor vehicle contrary to sec. 940.08, Stats.

The facts, as stipulated by the parties, are substantially as follows: Petitioner Rabe has been confined in the Dane County jail awaiting trial since April 9, 1979. During this time Rabe has been unable to post the $12,000 cash bail imposed as a condition of his release pending trial.

A substantial delay in the proceedings against Rabe has resulted from the state's appeal of an order by the trial court consolidating into one the four separate counts of the offense with which he is charged. Although the conduct Rabe is alleged to have engaged in resulted in the deaths of four different persons, the trial court concluded that because all of the deaths arose out of a single automobile accident, only one count could properly be charged. It entered an order to that effect on September 13, 1979, in response to a motion brought by Rabe earlier.

On the same day as the trial court entered its order consolidating the four counts, Rabe filed a demand for a speedy trial pursuant to sec. 971.10, Stats.[1]

[1] Sec. 971.10, Stats., as amended by ch. 34, Laws of 1979, sec. 1122m, provides:

"971.10 Speedy trial. (1) In misdemeanor actions trial shall commence within 60 days from the date of the defendant's initial appearance in court.

"(2) (a) The trial of a defendant charged with a felony shall commence within 90 days from the date trial is demanded by any party in writing or on the record. If the demand is made in writing, a copy shall be served upon the opposing party. The demand may not be made until after the filing of the information or indictment.

"(b) If the court is unable to schedule a trial pursuant to par. (a), the court shall request assignment of another judge pursuant to s. 751.03.

"(3) (a) A court may grant a continuance in a case, upon its own motion or the motion of any party, if the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial. A continuance shall not be granted under this paragraph unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

"(b) The factors, among others, which the court shall consider in determining whether to grant a continuance under par. (a) are:

"1. Whether the failure to grant the continuance in the proceeding would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

"2. Whether the case taken as a whole is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate preparation within the periods of time established by this section.

"(c) No continuance under par. (a) may be granted because of general congestion of the court's calendar or the lack of diligent preparation within the periods of time established by this section.

"(4) Every defendant not tried in accordance with this section shall be discharged from custody or released from the obligation of his bond."

Five days later, on September 18, 1979, the state filed a notice of appeal, a petition for leave to appeal the non-final order and a motion for stay of trial court proceedings pending disposition of the appeal. Over Rabe's objection, the court of appeals granted the petition for leave to appeal and ordered the proceedings in the trial court stayed pending disposition of the appeal.

On September 30, 1979, the trial court ordered *sua sponte* that the stay of proceedings by the court of appeals was justification for a continuance under sec. 971.-10(3), Stats., and that Rabe "shall not be released from the obligations of his bail pursuant to Section 971.10(4) of the Wisconsin Statutes if for reason of the order of the Appellate Court trial is delayed beyond the 90 day period from the date trial was demanded by [him]."

Rabe petitioned for leave to appeal this order by the trial court but his petition was denied both by the court of appeals and by this court.

In the meantime, the court of appeals certified the state's appeal from the trial court's consolidation order to this court pursuant to sec. (Rule) 809.61, Stats. This court accepted the appeal for review by order dated December 20, 1979, and, in an opinion filed on May 6, 1980, reversed the trial court's order consolidating the four counts into one. *See State v. Rabe,* 96 Wis.2d 48, 291 N.W.2d 809 (1980).

The sole issue now before us is whether Rabe is entitled to release from custody under sec. 971.10, Stats., because of the delay in the proceedings against him caused by the state's interlocutory appeal.

At the outset, it is important to distinguish the statutory right to a speedy trial which is at issue in this case from the constitutional right to a speedy trial which is not.

The sixth amendment to the United States Constitution provides in part: "In all criminal prosecutions, the

accused shall enjoy the right to a speedy and public trial. . . ."

This right is similarly guaranteed by Art. I, sec. 7 of the Wisconsin Constitution, which reads: "In all criminal prosecutions [by indictment or information] the accused shall enjoy the right . . . to a speedy public trial. . . ."

The parameters of the constitutional right and the criteria to be used in determining whether a deprivation of it has occurred have been set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514 (1972), and by this court in *Day v. State,* 61 Wis.2d 236, 212 N.W.2d 489 (1973), certiorari denied, 417 U.S. 914 (1974). These cases indicate that the question of whether an accused has been deprived of his constitutional right to a speedy trial is essentially an *ad hoc* determination to be made upon a consideration of the relevant factors, including the length of delay, the reason for the delay, whether a demand for a speedy trial was made and whether the delay resulted in prejudice to the defendant.[2] If upon consideration of these factors it is determined that an accused has been denied his constitutional right to a speedy trial, the required remedy is for the charges to be dismissed and the defendant to go free. *Barker v. Wingo, supra,* 407 U.S. at 522.

The statutory speedy trial right, on the other hand, is significantly different from the constitutional right both in the manner in which a violation is determined and in the remedy afforded. Rather than requiring a case-by-case determination of whether a particular delay is justified, sec. 971.10(2), Stats., sets forth a specific period of time within which a defendant charged with a felony must be brought to trial after a proper demand is made.

[2] *See also State v. Mullis,* 81 Wis.2d 454, 458, 260 N.W.2d 696 (1978); *Hatcher v. State,* 83 Wis.2d 559, 566, 266 N.W.2d 320 (1978); *Scarbrough v. State,* 76 Wis.2d 87, 94–95, 250 N.W.2d 354 (1977).

Although this time period may be extended by a continuance granted by the court, sub. (3) of sec. 971.10 provides that a continuance should be granted only if it is determined that the ends of justice served by it outweigh the interest of the public and the defendant in a speedy trial. In addition, instead of dismissal of the charges pending against a defendant who is denied the constitutional right to a speedy trial, the remedy afforded by sec. 971.10 is simply release from custody or from the obligations of bond pending trial.

Because Rabe claims only a violation of his statutory right to a speedy trial, we need not decide whether, in view of the circumstances before us, the delay in the proceedings against him is constitutionally impermissible. We need only decide whether the explicit time period set forth in sec. 971.10(2), Stats., has run without a valid continuance having been ordered, thereby entitling Rabe to immediate release from custody pending his trial. In our view, this question is easily answered.

Sec. 971.10(2) (a), Stats., provides that the trial of a defendant charged with a felony shall commence within 90 days of a demand for trial by any party either in writing or on the record.

While it is undisputed that Rabe made his demand for a speedy trial on September 13, 1979, and that ordinarily the 90-day period within which his trial was to have commenced would have expired on December 12, 1979, the stay of proceedings ordered by the court of appeals on September 24 prevented it from doing so. A stay of proceedings directed to a lower court tolls the running of any time period within which a particular act is to be done in that court.[3] This is especially true where, as

---

[3] *Spellman v. Ruhde*, 28 Wis.2d 599, 607, 137 N.W.2d 425 (1965); *Pick Industries, Inc. v. Gebhard-Berghammer, Inc.*, 264 Wis. 353, 357, 59 N.W.2d 798, 60 N.W.2d 254 (1953); *Hedberg v. Dettling*, 198 Wis. 342, 344, 224 N.W.2d 108 (1929).

here, the act to be done within a certain time is the very act to which the stay is directed. It is simply unreasonable to require a trial court to try a defendant within a certain time when it is expressly prevented from doing so by order of an appellate court.

Rabe contends that because sec. 971.10, Stats., does not expressly provide for any tolling of its time periods, none should be read into it. To construe that section as excluding the time during which the trial court is under a stay of proceedings from the period within which a defendant's trial must commence, he argues, is contrary to established principles of statutory construction.

However, the question presented here is not one of statutory construction. It is instead a question of the effect a stay of proceedings has on procedural time limitations such as that contained in sec. 971.10(2), Stats. The general rule is that a stay of proceedings stops the running of such time periods and no reason appears why that rule should not be followed here.

Furthermore, even if a tolling of the 90-day period had not taken place, Rabe would still not be entitled to release under sec. 971.10, Stats., because the continuance ordered by the trial court under sub. (3) of that section rendered the release provisions inoperative.[4] Sub. (3) provides that the court may order a continuance if it concludes that the ends of justice served by it outweigh the best interest of the public and the defendant in a

---

[4] The parties disagree as to whether the 1979 amendment of sec. 971.10, Stats., applies to this case. Before the amendment, which became effective on June 29, 1979, sub. (3) of sec. 971.10 provided that a continuance ordered by the court could not exceed 60 days. Rabe argues that this version applies here and therefore, even if a valid continuance was ordered, it also ran without his trial having commenced. We disagree. Rabe's statutory speedy trial right did not accrue until a proper demand for a trial pursuant to sec. 971.10 was made. That was on September 13, 1979, two-and-a-half months after the effective date of the amendment. The amended version therefore applies. *See* sec. 990.06, Stats.

speedy trial, and the reasons for its conclusion are expressly set forth in the record. In entering its order for a continuance on September 30, 1979, the trial court did so conclude and stated that the stay ordered by the court of appeals pending disposition of the state's pretrial appeal was justification for a continuance.

While the trial court's order was superfluous in light of the stay ordered by the court of appeals, we reject Rabe's contention that, once the stay was entered, the trial court was stripped of all power to act in the case. A stay operates to put an end only to all progress in the action. *Wallace v. Wallace,* 13 Wis. 250 (*224), 253 (*227) (1860). It does not prevent the trial court from issuing orders intended to maintain the status quo. Because the order for a continuance under sec. 971.10(3), Stats., was intended to simply maintain the status quo, it was not beyond the trial court's authority.

We also reject Rabe's contention that denying him release under sec. 971.10, Stats., is a denial of due process because it in effect penalizes him for the exercise of his constitutional right to present a defense. Rabe argues that he is penalized for presenting a defense because, by making a pretrial motion and then having to await the outcome of the state's appeal of the order granting that motion, he is forced to spend more time in pretrial incarceration than if he simply plead guilty and began serving his sentence. Because he cannot earn "industrial good time" credit[5] while in jail awaiting trial, but would have an opportunity to earn such credit if he were now serving his sentence, Rabe argues that he is being punished for presenting a defense.

[5] "Industrial good time" refers to credit toward one's sentence awarded for diligence in labor or study which surpasses the general average. Sec. 53.12, Stats., provides that inmates are entitled to a diminution of time for their sentence at the rate of one day for each six days during which they show such diligence.

While it is true that, by choosing to plead not guilty and present a defense, a defendant who is ultimately convicted forfeits the opportunity to immediately begin serving his sentence and earn "industrial good time" credit, we are unpersuaded that the imposition of this choice operates to unconstitutionally chill a defendant's right to present a defense. Not every government-imposed choice in the criminal process that may have the effect of discouraging the exercise of constitutional right is offensive to due process. *See Chaffin v. Stynchcombe,* 412 U.S. 17, 29–31 (1973), and cases cited therein. It is only where the imposition of the choice is unnecessary and the chilling effect it creates is needless that the situation will be found constitutionally intolerable. *United States v. Jackson,* 390 U.S. 570 (1968).

That is not the situation here. Pretrial incarceration is a necessary concomitant of a criminal justice system which requires time in which to adjudicate the guilt or innocence of persons who may have no reason to willingly await its determination. Without the authority to impose pretrial incarceration in at least certain cases, it is doubtful that our system of criminal justice could effectively function. For this reason we do not find Rabe's continued confinement a violation of due process.

What we have already said is sufficient to answer Rabe's final contention that the trial court's order denying his release under sec. 971.10(4), Stats., was an abuse of discretion. Because Rabe was not entitled to release under that section, it follows that it was not an abuse of discretion to deny him release.

*By the Court.*—Petition denied.