Melvin R. JONES, Plaintiff-Appellant,†

v.

Jerome R. POOLE and State Farm Insurance Companies, Defendants-Respondents.

Court of Appeals

*No. 97–1430. Submitted on briefs January 26, 1998.—Decided February 18, 1998.*

(Also reported in 579 N.W.2d 739.)

†Petition to review denied.

116

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *August E. Fabyan* of *Haight, Fabyan & Langer, S.C.* of Hartland.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Richard T. Mueller* of *Mueller, Goss & Possi, S.C.* of Milwaukee.

Before Brown, Nettesheim and Anderson, JJ.

NETTESHEIM, J. In this appeal, we affirm the trial court's ruling that Melvin R. Jones, a permissive user of a motor vehicle insured by State Farm Insurance Companies, is bound by the arbitration provisions

118

of the insurance policy governing an uninsured motorist claim. We also affirm the court's ruling that Jones is bound by the provision which requires a claimant to share the costs of the arbitration with State Farm. However, we reverse the court's further ruling that Jones is also obligated for State Farm's taxable costs.

## FACTS AND PROCEDURAL HISTORY

The facts and history of this case are simple and straightforward. On April 22, 1994, Jones was operating a motor vehicle with the permission of Mildred Nelson, the owner. Nelson insured the vehicle with State Farm. On that day, Jones was involved in an accident with an uninsured vehicle operated by Jerome R. Poole.

Jones made a claim for his damages against State Farm under the uninsured motorist provisions of the policy. State Farm offered Jones $5760 to settle the claim. Jones refused the offer. On September 13, 1995, Jones commenced this action against State Farm and Poole. State Farm sought a stay of the proceedings to allow the parties to arbitrate the claim pursuant to an arbitration provision in the policy. Over Jones' objection, the circuit court ordered arbitration.

The arbitration produced an award of $5000 to Jones. Jones refused the arbitration award. State Farm responded with a motion in the circuit court to confirm the award. The court confirmed the award, ordered Jones to pay a portion of the arbitration costs and dismissed Jones' action. Jones appeals.

## DISCUSSION

It is the policy of this state to promote arbitration as a viable and valuable form of alternative dispute

resolution. *See Manu-Tronics v. Effective Management Sys., Inc.*, 163 Wis. 2d 304, 311, 471 N.W.2d 263, 266 (Ct. App. 1991). Arbitration awards are presumed to be valid. *See id.* The law recognizes four situations in which a contractual commitment to arbitrate a dispute will not be enforced: (1) where fraud or duress renders the agreement voidable, (2) where there is no bona fide dispute, (3) where the performance which is the subject of the demand for arbitration is prohibited by statute, and (4) where a condition precedent to arbitration has not been fulfilled. *See City of Madison v. Frank Lloyd Wright Found.*, 20 Wis. 2d 361, 391, 122 N.W.2d 409, 424 (1963). None of these situations exist in this case, and we do not read Jones' argument to contend otherwise.

Instead, Jones argues that the uninsured motorist statute, § 632.32(4), STATS., makes such coverage mandatory and the statute does not authorize arbitration. He also argues that the arbitration provision improperly reduces coverage contrary to the rule of *Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 604–05, 405 N.W.2d 327, 336 (1987) ("An insurance policy may expand but not reduce the coverage required by the uninsured motorist statute.").

We disagree. While § 632.32(4), STATS., does not authorize arbitration, neither does it prohibit it. *See, e.g., Frank Lloyd Wright Found.*, 20 Wis. 2d at 376, 122 N.W.2d at 417. In addition, the arbitration provisions of the State Farm policy do not eliminate or reduce the levels of coverage mandated by § 632.32(4). All the policy does is prescribe the forum where Jones' claim is to be litigated in the event the parties cannot resolve the matter by settlement. We reject Jones' argument that

120

the State Farm policy violates § 632.32(4) or the rule of *Nicholson*.

Next, Jones contends that the arbitration provisions improperly deprived him of his constitutional right to a jury trial as guaranteed by Article I, § 5 of the Wisconsin Constitution. We disagree. Jones retains his full right to obtain a jury trial against Poole, the tortfeasor. Here, however, Jones also made an uninsured motorist claim against State Farm. Once Jones opted to make that claim, we hold that he was properly bound to the provisions of the policy relating to that claim. Functionally, the insurance policy made Jones a third-party beneficiary of the contract. When a right has been created by a contract, the third party claiming the benefit of the contract takes the right subject to all the terms and conditions of the contract creating the right. *See City of Mequon v. Lake Estates Co.*, 52 Wis. 2d 765, 773, 190 N.W.2d 912, 916 (1971).

This reasoning also governs Jones' additional claim that the circuit court improperly obligated him to pay one-half the costs of the arbitration pursuant to the provisions of the policy.[1] Having invoked the benefits of the uninsured motorist provisions of the policy, Jones was obligated under the cost-sharing terms of the policy.

Next, we address the issue upon which we partially reverse the circuit court's judgment. Jones

---

[1] Actually, the policy does not require each party to pay one-half the arbitration costs. The policy provides that each party shall select an arbitrator. The two selected arbitrators then select the third arbitrator. The policy requires each party to pay the costs of their own arbitrator. Only the costs of the third arbitrator are to be shared equally.

contends that the circuit court improperly awarded State Farm its taxable costs in this action. Jones argues that he is the prevailing party in this case because he won an award from the arbitrators, albeit less than the amount which State Farm had previously offered and despite the fact that Jones resisted the arbitration. State Farm argues that it is the prevailing party in this action because it prevailed in compelling Jones to submit his claim to arbitration.

However, we need not answer the parties' debate as to who is the prevailing party because the issue is squarely governed by our recent decision in *Finkenbinder v. State Farm Mut. Auto Ins. Co.*, 215 Wis. 2d 145, 572 N.W.2d 501 (Ct. App. 1997). That case presented strikingly similar facts. The plaintiff had commenced a circuit court action against an underinsurance carrier. The trial court granted the insurer's motion to compel arbitration. After receiving an arbitration award, the plaintiff sought to recover her taxable costs. *See id.* at 147, 572 N.W.2d at 502. We upheld the trial court's rejection of the plaintiff's request. *See id.* We said "the statutory scheme of ch. 814, STATS., envisions a 'prevailing party' as one who is successful in a litigated trial court proceeding, *not one who succeeds in obtaining an award before an arbitrator.*" *Id.* at 151, 572 N.W.2d at 504 (emphasis added). We also said that the determining factor is not whether the action began and ended as a circuit court action. Instead, we stated "the determining factor is whether the action was the subject of a *litigated* trial court proceeding." *Id.* at 152, 572 N.W.2d at 504.

Here, unlike *Finkenbinder*, we recognize that it is the insurer, State Farm, not the claimant, Jones, who seeks its taxable costs. And we also recognize that

Jones stridently resisted State Farm's efforts to bring the matter to the arbitration table. But those distinctions make no difference under *Finkenbinder*. The rationale of the decision rests on the forum in which the plaintiff's claim was addressed. We reverse the circuit court's award of taxable costs to State Farm.

State Farm asks that we declare Jones' appeal frivolous. However, Jones has prevailed on one of his appellate issues. And although we have ruled against Jones as to his other arguments, we note that this is the first case to discuss whether a permissive user is bound by the arbitration provisions in an insurance policy when making an uninsured motorist claim. We cannot say that this appeal was filed in bad faith or for purposes of harassing or maliciously injuring State Farm. *See* § 809.25(3)(c)1, STATS. Nor can we say that the issues in this case are without any reasonable basis in law or equity or could not be supported by a good faith argument for an extension, modification or reversal of existing law. *See* § 809.25(3)(c)2.

## *CONCLUSION*

We affirm the circuit court's rulings that Jones was required to submit his claim to arbitration and to share in the costs of the arbitration. We reverse the circuit court's ruling which awarded State Farm its taxable costs.

*By the Court.*—Judgment affirmed in part; reversed in part.