Laurie BRIGGS and George Briggs, Plaintiffs-Respondents,†

v.

FARMERS INSURANCE EXCHANGE, Defendant-Appellant.

Court of Appeals

*No. 99–1123. Submitted on briefs December 7, 1999.—Decided January 25, 2000.*

## 2000 WI App 40

(Also reported in 607 N.W.2d 670.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Susan R. Tyndall* and *Tomislav Z. Kuzmanovic* of *Hinshaw & Culbertson* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Ardell W. Skow* and

*Martha H. Heidt* of *Doar, Drill & Skow, S.C.*, of Baldwin.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.  HOOVER, P.J. Farmers' Insurance Exchange appeals the portion of a judgment that awarded Laurie and George Briggs costs following confirmation of an arbitration award.[1] According to this court's holding in *Finkenbinder v. State Farm Mut. Auto. Ins. Co.*, 215 Wis. 2d 145, 572 N.W.2d 501 (Ct. App. 1997), costs are not available absent a litigated trial court proceeding. There was no such proceeding here, and therefore costs are not available.

¶ 2.  The circuit court also doubled the costs and awarded interest under WIS. STAT. § 807.01 (1995–96)[2] because Farmers did not respond to a settlement offer served one day before the court stayed the proceedings in favor of arbitration. The stay, however, tolled the ten-day statutory time period for accepting the settlement offer. Accordingly, we also reverse the circuit court's award of double costs and interest. We therefore need not address Farmers's final argument that Briggs did not properly authenticate her costs.

¶ 3.  Laurie Briggs was injured in an automobile accident with an uninsured motorist in August 1995. Briggs filed suit in circuit court against Farmers, her uninsured motorist carrier, but later signed a stipulation to stay the court proceedings and arbitrate her claim. One day before the circuit court executed the stay, however, Briggs filed a WIS. STAT. § 807.01 settle-

---

[1] Although the Briggses are both parties, this opinion refers to them collectively as Laurie Briggs.

[2] All references to the Wisconsin Statutes are to the 1995–96 version.

ment offer.[3] Farmers did not respond to the offer. Following arbitration, she sought confirmation of her award pursuant to WIS. STAT. § 788.09,[4] and applicable costs in circuit court.

¶ 4.  The circuit court confirmed the award and concluded that costs under WIS. STAT. ch. 814 were appropriate. The court reasoned that *Finkenbinder's* general rule that costs are unavailable in arbitration proceedings did not apply because Briggs had expended significant litigation expenses during arbitration. The court also doubled the costs and awarded interest under WIS. STAT. § 807.01 because Farmers failed to accept the statutory settlement offer that was less than what Briggs eventually recovered.

COSTS TAXABLE UNDER WIS. STAT. CH. 814.

¶ 5.  WISCONSIN STAT. § 814.01 provides the general framework for awarding costs to a prevailing party upon completion of the litigation process. *See Finkenbinder*, 215 Wis. 2d at 151. Farmers argues that under *Finkenbinder*, the circuit court had no authority to award such costs. We agree.

¶ 6.  The circumstances involved in *Finkenbinder* are similar to those presented in this case. There, the

---

[3] Although Farmers received the settlement offer one day after the circuit court stayed the proceedings, service by mail is ordinarily complete upon mailing. *See* WIS. STAT. § 801.14(2). Farmers does not dispute that the settlement offer was mailed before the court executed the stay of proceedings.

[4] WISCONSIN STAT. § 788.09 provides in part:

At any time within one year after the award is made any party to the arbitration may apply to the court in and for the county within which such award was made for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected under s. 788.10 or 788.11.

plaintiff, Jeanne Finkenbinder, was struck by a car while she was walking across a street. *See id.* at 147. She filed suit in circuit court against her underinsurance carrier. The insurer successfully moved to compel arbitration. *See id.* Following arbitration, Finkenbinder returned to circuit court seeking, among other things, costs under WIS. STAT. ch. 814. *See id.* at 147–48.

¶ 7.   The court held that "the statutory scheme of ch. 814, STATS., envisions a 'prevailing party' as one who is successful in a litigated trial court proceeding, not one who succeeds in obtaining an award before an arbitrator." *Id.* at 151. Finkenbinder argued that she was successful in a litigated trial court proceeding because she originally filed her claim in circuit court and her award was also finally confirmed there. *See id.* at 152. However, we rejected that argument, concluding that "it is not the beginning and end points of an action that are dispositive; rather, the determining factor is whether the action was the subject of a *litigated* trial court proceeding." *Id.*

¶ 8.   Briggs attempts to distinguish *Finkenbinder* by arguing that in her case there was a litigated trial court proceeding. However, the only issue she claims the circuit court decided in her case was whether there were one or two policies available. We conclude that the record fails to support that this was the subject of a contested trial court proceeding within the meaning of *Finkenbinder*. [5]

[5] Briggs also attempts to distinguish *Finkenbinder v. State Farm Mut. Auto. Ins. Co.*, 215 Wis. 2d 145, 572 N.W.2d 501 (Ct. App. 1997), by claiming in that case the court considered assessing costs solely in the context of *modifying* an arbitration award, which may only be done under specific statutory circumstances. *See McKenzie v. Warmka*, 81 Wis. 2d 591, 603, 260

¶ 9. Because Farmers produced only one policy during discovery, Briggs originally believed that only one policy existed for her claim. At the hearing for confirmation of the arbitration award, however, she produced an additional policy. Counsel for Farmers stated that he was unaware of an additional policy and was not prepared to respond to Briggs's claim.[6] As an expedient resolution, the court devised an "arrangement" whereby it assumed the two policies Briggs admitted were applicable, with the understanding that Farmers could challenge that assumption should any issue arise after reviewing the second policy. This procedure cannot reasonably be considered a litigated trial court proceeding because Farmers did not affirmatively contest the existence of the second policy. Rather, Briggs's substantive claim was clearly addressed in arbitration within the meaning of *Finkenbinder*.[7]

---

N.W.2d 752 (1978). Briggs asserts that the court had authority to assess costs here because it confirmed the arbitration award and then assessed costs in a final judgment. This argument is meritless. The *Finkenbinder* court stated: "However, in the instant case it is not review of the arbitration award that Finkenbinder seeks; rather, she asks that we reverse the trial court's ruling that found she was not permitted to recover costs and interest on the award." *Finkenbinder*, 215 Wis. 2d at 148.

[6] The hearing was conducted telephonically, and Farmers's counsel had not had sufficient opportunity to review the second policy.

[7] *See also Jones v. Poole*, 217 Wis. 2d 116, 122–23, 579 N.W.2d 739 (Ct. App. 1998). In *Jones*, even though the plaintiff "stridently resisted [the insurer's] efforts to bring the matter to the arbitration table," the court held that the plaintiff's claim was addressed in arbitration and therefore no costs were available. *Id*.

¶ 10.   Briggs also contends, and the circuit court agreed, that she incurred expenses in arbitration that were so similar to those she would have incurred had her claim been litigated in court that public policy warrants an award of costs. However, her argument is ultimately an invitation to ignore *Finkenbinder*. First, she reiterates her contention that she is a "prevailing party" because she commenced her action in court and obtained judgment on the arbitration award. *Finkenbinder*, however, directly rejected this identical argument. *See id.* at 152. Only the supreme court has the power to overrule, modify or withdraw language from a published decision. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

¶ 11.   Second, Briggs claims that the arbitration provisions in her insurance contract allow for taxable costs. The arbitration clause provides that during arbitration "[l]ocal rules governing procedures and evidence will apply." The logical forum for this argument, however, would have been at arbitration. Any change that would allow taxable costs under WIS. STAT. ch. 814 for claims addressed in arbitration must be made by our supreme court or the legislature.

■

¶ 12.   Finally, Briggs asserts that the arbitration process under Wisconsin law is not fundamentally different from the judicial process. This proposition is contradicted by the well-recognized public policies in favor of arbitration. As we concluded in *J.J. Andrews, Inc. v. Midland*, 164 Wis. 2d 215, 223–24, 474 N.W.2d 756 (Ct. App. 1991), "[t]he purpose of arbitration is to obtain a speedy, inexpensive and final resolution of disputes, and thereby avoid the expense and delay of a protracted court battle." Briggs's general policy argu-

ment also ignores the core holding in *Finkenbinder,* where we explained that the fundamental flaw in awarding costs was that a circuit court does not have any statutory authorization to consider assessing costs where the claim was addressed in arbitration. *See id.* at 152.[8]

### DOUBLE COSTS AND INTEREST

¶ 13.   Farmers also contends that the circuit court erred by assessing double costs and interest under WIS. STAT. § 807.01.[9] We agree. After Briggs filed her claim in circuit court, both parties signed an agreement stipulating to a stay of the court proceedings so

---

[8] Briggs alternatively argues that the circuit court had discretionary authority to award costs under WIS. STAT. § 814.036, which provides for omnibus costs: "If a situation arises in which the allowance of costs is not covered by ss. 814.01 to 814.035, the allowance shall be in the discretion of the court." Section 814.036 provides no aid for Briggs, however, because that section provides no authority to award "costs which are not explicitly authorized by statute." *Kleinke v. Farmers Coop. Supply & Shipping,* 202 Wis. 2d 138, 149, 549 N.W.2d 714 (1996).

[9] WISCONSIN STAT. § 807.01 provides, in part:

(3)  ... the plaintiff may serve upon the defendant a written offer of settlement . . . . If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. . . . If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

(4)  If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid.

that the claim could be arbitrated. After signing the stipulation, but before the court executed the stay, Briggs served Farmers with an offer to settle under § 807.01. Farmers did not respond to the offer. Briggs eventually obtained an award larger than her settlement offer, and the circuit court awarded double costs and interest under § 807.01(3) and (4).

¶ 14.  Whether Briggs is entitled to double costs and interest requires application of WIS. STAT. § 807.01(3) and (4). Applying a statute to a set of facts is a question of law that this court reviews de novo. *See State ex rel. Badke v. Greendale Village Bd.*, 173 Wis. 2d 553, 569, 494 N.W.2d 408 (1993).

¶ 15.  Our supreme court has held that a stay of court proceedings "tolls the running of any time period within which a particular act is to be done in that court." *State ex rel. Rabe v. Ferris*, 97 Wis. 2d 63, 68, 293 N.W.2d 151 (1980) (footnote omitted). Technically, WIS. STAT. § 807.01(3) does not *require* a defendant to file acceptance of a settlement offer in circuit court.[10] Briggs relies on this language and *Prosser v. Lueck*, 225 Wis. 2d 126, 154, 592 N.W.2d 178 (1999), where our supreme court held that the interest under WIS. STAT. § 807.01(4) continued to accrue while the underlying action was stayed pending determination of a coverage issue.

¶ 16.  The relevant inquiry in *Prosser*, however, involved only whether interest accrued while the

---

[10] Briggs goes further, however, and argues that a stay only tolls the running of time periods that require action *by* a circuit court. Briggs's substitution of the word "by" for "in" in the phrase "to be done in that court," *State ex rel. Rabe v. Ferris*, 97 Wis. 2d 63, 68, 293 N.W.2d 151 (1980), is contrary to *Rabe's* plain language.

underlying action was stayed pending resolution of a coverage issue; there was no dispute that some interest was appropriate. *See id.* at 135. The court determined that interest on a settlement offer should accrue because settlement negotiations can continue while the underlying action is stayed. There was no suggestion, however, that a relevant statutory time frame would not be tolled just because *court* action was not required. In fact, *Prosser* specifically distinguished *Rabe* on the basis that accrual of interest, under WIS. STAT. § 807.01(4), "is not a particular act that is to be done within any time period. It is a result triggered by the defendant's failure to do a particular act—accept the plaintiff's settlement offer within 10 days after receipt of the offer." *Id.* at 154.

¶ 17.   Accepting a WIS. STAT. § 807.01 settlement offer requires a particular act within a statutory time period. In this case, a judicial stay tolled that time period. Farmers was not obligated to respond to the offer until the stay was lifted.[11] By that time, arbitration had rendered the settlement offer moot.[12] Accordingly, we need not consider Farmers's argument

---

[11] Briggs's argument is also untenable because the very purpose for staying the court proceedings was to proceed under arbitration. If this court were to hold that the stay did not toll the running of the 10-day statutory time frame for accepting an offer in the court proceeding, the purpose of the stay would be thwarted. *See generally Rabe*, 97 Wis. 2d at 68.

[12] The most logical fate of Briggs's settlement offer is that it became moot after an award was granted through arbitration. Farmers does not make the dubious argument that it could have accepted Briggs's offer after the stay was lifted when it undoubtedly would have found the settlement offer more palatable than the arbitration award.

that Briggs breached a contractual obligation by serving a settlement offer in the court proceeding.

¶ 18. In the event of reversal, Briggs asks this court for the opportunity to seek interest under WISCONSIN STAT. § 628.46.[13] The circuit court did not address this issue because it awarded interest under WIS. STAT. § 807.01(4). The judgment is therefore reversed and remanded with directions to consider interest under § 628.46.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[13] WISCONSIN STAT. § 628.46 requires prompt payment of insurance claims and provides for interest when a claim becomes "overdue."