Gregory LANE and Christy Lane, Plaintiffs-Respondents,†

v.

James B. WILLIAMS, Defendant,

v.

FARMERS INSURANCE EXCHANGE, Defendant-Appellant.

Court of Appeals

*No. 00–0852. Submitted on briefs October 31, 2000.—Decided November 28, 2000.*

## 2000 WI App 263

(Also reported in 621 N.W.2d 922.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William F. Bauer, John E. Keckhaver* and *Laura N. Whipple* of *Coyne, Niess, Schultz, Becker & Bauer, S.C.*, Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Ardell W. Skow* and *Martha H. Heidt*, Baldwin.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Farmers Insurance Exchange appeals an order awarding costs pursuant to WIS. STAT. ch. 814[1] and § 807.01(3) to Gregory and Christy Lane following an arbitration award. Farmers argues that: (1) no costs are awardable under WIS. STAT. § 814.01 following an arbitration proceeding; (2) the circuit court had no discretion to award costs under WIS. STAT. § 814.036; (3) the arbitration agreement did allow for an award of costs; and (4) double costs are not available under WIS. STAT. § 807.01(3). We agree and reverse.

## BACKGROUND

¶ 2. The Lanes commenced this action in circuit court against Farmers under the uninsured motorist section of their automobile insurance policy. The policy contained an arbitration clause that allowed either Farmers or the Lanes to bring the issue of coverage before an arbitration panel. The policy required Farmers to select and pay the cost of an arbitrator, the Lanes to select and pay the costs of an arbitrator, and for the two parties to select and share the costs of a third arbitrator. The arbitration clause also stated that all other costs of arbitration "will be shared equally."

¶ 3. The circuit court action was stayed so that arbitration could proceed. The arbitration agreement required that "[l]ocal court rules governing procedures

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

and evidence will apply." The arbitration panel awarded $15,675.50 to Gregory Lane and $48,316 to Christy Lane.

¶ 4. The Lanes moved the circuit court for an order confirming the arbitration award pursuant to WIS. STAT. § 788.09. Christy Lane also moved for double costs and interest pursuant to WIS. STAT. § 807.01, because Farmers had not accepted a $45,000 offer of settlement served on her behalf. Gregory Lane moved for taxable costs and interest on the arbitrators' award.

¶ 5. The circuit court ordered that judgment be entered on the arbitration award and that the Lanes be awarded costs, pursuant to WIS. STAT. §§ 814.01(1), 814.036 and 807.01(3). This appeal followed.

## STANDARD OF REVIEW

¶ 6. We review an arbitration award without deference to the trial court. Our function is to insure that the parties received the arbitration they bargained for. *See City of Madison v. Local 311, Int'l Ass'n of Firefighters, AFL-CIO*, 133 Wis. 2d 186, 190, 394 N.W.2d 766 (Ct. App. 1986). The circuit court may modify an award only on the grounds specified by statute. *See McKenzie v. Warmka*, 81 Wis. 2d 591, 603, 260 N.W.2d 752 (1978).

¶ 7. In this case, however, it is not review of the arbitration award that Farmers seeks. Rather, it asks that we reverse the circuit court's ruling that found the Lanes were permitted to recover costs and interest on the award. These issues require us to construe WIS. STATS. §§ 814.01, 814.036 and 807.01. The construction of a statute or the application of a statute to a particular set of facts is a question of law that we review

independently. *See Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773 (1989).

## DISCUSSION

### I. WISCONSIN STAT. § 814.01

¶ 8.   WISCONSIN STAT. § 814.01[2] provides the general framework for awarding costs to a prevailing party upon completion of the litigation process. *See Finkenbinder v. State Farm Mut. Auto. Ins. Co.*, 215 Wis. 2d 145, 151, 572 N.W.2d 501 (Ct. App. 1997). Farmers argues that statutory costs are not available after an arbitration proceeding. We agree.

¶ 9.   The circumstances involved in *Finkenbinder* and *Briggs v. Farmers Ins. Exchange*, 2000 WI App 40, 233 Wis. 2d 163, 607 N.W.2d 670, are similar to those presented here and are controlling.[3] In *Finkenbinder*, the plaintiff was struck by a car while she was walking

---

[2] WISCONSIN STAT. § 814.01 reads as follows: "(1) Except as otherwise provided in this chapter, costs shall be allowed of course to the plaintiff upon a recovery."

[3] The Lanes argue that *Finkenbinder* and *Briggs* were decided incorrectly and that they ignore the plain language of WIS. STAT. § 814.01(1). *Finkenbinder v. State Farm Mut. Auto. Ins. Co.*, 215 Wis. 2d 145, 151, 572 N.W.2d 501 (Ct. App. 1997); *Briggs v. Farmers Ins. Exchange*, 2000 WI App 40, 233 Wis. 2d 163, 607 N.W.2d 670. The Lanes request this court to certify this appeal to the supreme court to determine whether costs following an arbitration proceeding are allowed pursuant to WIS. STAT. § 814.01. The supreme court denied a petition for review in *Briggs*, thus suggesting that a certification may not be accepted in this case. We, therefore, choose to address the appeal on its merits. We may not overrule, modify or withdraw language from a published court of appeals opinion; only the supreme court may do so. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

across the street. She filed suit in circuit court against her underinsurance carrier. The insurer successfully moved to compel arbitration. Following arbitration, the plaintiff returned to circuit court seeking costs under WIS. STAT. ch. 814.

¶ 10. We held that "the statutory scheme of [WIS. STAT.] ch. 814 envisions a 'prevailing party' as one who is successful in a litigated trial court proceeding, not one who succeeds in obtaining an award before an arbitrator." *Finkenbinder*, 215 Wis. 2d at 151. Finkenbinder argued that she successfully litigated a trial court proceeding because she originally filed her claim in circuit court and her award was also finally confirmed there. *See id.* at 152. However, we rejected that argument and concluded that "it is not the beginning and end points of action that are dispositive; rather, the determining factor is whether the action was the subject of a litigated trial court proceeding." *Id.*

¶ 11. In *Briggs*, we reaffirmed the holding in *Finkenbinder*. We stated that the fundamental flaw in awarding costs is that the circuit court does not have any statutory authorization to consider assessing costs where the claim was addressed in arbitration. *See Briggs*, 2000, WI App 40 at ¶ 12, (citing *Finkenbinder*, 215 Wis. 2d 152).

¶ 12. In the present case, the circuit court awarded the Lanes all statutory costs after an arbitration award. However, as our decisions in *Finkenbinder* and *Briggs* hold, no statutory costs are available after arbitration. The Lanes succeeded in obtaining an award before an arbitrator, not in a litigated trial court proceeding. WISCONSIN STAT. § 814.01 does not allow costs to be awarded for a claim that was addressed in arbitration.

261

## II. WISCONSIN STAT. § 814.036

¶ 13. Farmers argues that the circuit court also did not have discretionary authority to award costs under WIS. STAT. § 814.036.[4] Farmers contends that the statute does not give the circuit court an independent basis for awarding costs. We agree.

¶ 14. The Lanes claim that the circuit court did have discretionary authority to award costs under WIS. STAT. § 814.036. However, we rejected an identical argument in *Briggs. See Briggs*, 2000 WI App 40 at ¶ 12 n.8. We held that the omnibus costs provision "only gives the court discretion as to *when* it may allow costs, not as to *what* costs may be allowed." *Id.* (quoting *Kleinke v. Farmers Coop. Supply & Shipping*, 202 Wis. 2d 138, 149, 549 N.W.2d 714 (1996)). Section 814.036 does not give the circuit court authority to award "costs which are not explicitly authorized by statute." *Id.* An award of statutory costs after arbitration is not explicitly authorized by statute and, therefore, is not within the circuit court's discretion. *See Finkenbinder*, 215 Wis. 2d at 151–52. As a result, the circuit court erred by awarding costs pursuant to § 814.036.

## III. Arbitration Agreement

¶ 15. We next address whether the arbitration agreement itself provides for statutory costs. The arbitration provision mandated that "local court rules governing procedures and evidence will apply." The Lanes argue that the provisions in the arbitration

---

[4] WISCONSIN STAT. § 814.036. provides: "If a situation arises in which the allowance of costs is not covered by ss. 814.01 to 814.035, the allowance shall be in the discretion of the court."

agreement allow for taxable costs. Thus, they reason that the terms of the arbitration agreement allow costs pursuant to WIS. STAT. ch. 814. We disagree.

■

¶ 16. We rejected the identical argument in *Briggs,* 2000 WI App 40 at ¶ 12. The arbitration provision at issue in *Briggs* contained the same language as the one in the present case regarding the application of local court rules. *See id. Briggs* controls and we reject the Lanes' argument.

IV.   WISCONSIN STAT. § 807.01(3)

■

¶ 17.   Finally, we address the circuit court's award of double the taxable costs to Christy Lane, pursuant to WIS. STAT. § 807.01(3).[5] The Lanes argue that Farmers waived the issue by failing to argue it in their initial brief. Farmers argues that it has not waived the issue. According to Farmers, no costs are awardable. Because no costs are awardable, there are no costs to be doubled. We agree with Farmers that it has preserved the issue by this argument. However, we decide whether double costs are appropriate after arbitration on other grounds.

---

[5] WISCONSIN STAT. § 807.01(3) reads as follows:

After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs. If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

¶ 18. WISCONSIN STAT. § 807.01(3) allows the plaintiff to serve the defendant a written offer of settlement "at least twenty days before trial." However, because of the arbitration provision, there was no trial in this case. The rationale in *Finkenbinder* and *Briggs* regarding WIS. STAT. ch. 814 also applies to § 807.01(3). In those cases we held that ch. 814 does not allow costs because there was no "prevailing party" in a "litigated trial court proceeding." *Finkenbinder*, 215 Wis. 2d at 151; *Briggs*, 2000 WI App 40 at ¶ 7.[6] Similarly, to use the words of § 807.01(3), there was no "trial." Because there was no "trial," § 807.01(3) does not apply. Christy Lane is not entitled to double costs.

*By the Court.*—Order reversed.

---

[6] Whether double costs were properly awarded after arbitration under WIS. STAT. § 807.01 was not decided in *Briggs*.