**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 31, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP377**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020CV5349**

**IN COURT OF APPEALS**
**DISTRICT I**

GREGORY C. MALLETT,

      PLAINTIFF-APPELLANT,

WISCONSIN DEPARTMENT OF HEALTH SERVICES AND UNITEDHEALTHCARE INSURANCE COMPANY,

      INVOLUNTARY-PLAINTIFFS,

    V.

IDS PROPERTY CASUALTY INSURANCE COMPANY AND AMERICAN FAMILY CONNECT PROPERTY & CASUALTY INS. CO.,

      DEFENDANTS-RESPONDENTS.

        APPEAL from an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed*.

        Before White, C.J., Colón, P.J., and Donald, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Gregory T. Mallett, pro se, appeals an order denying his motion seeking relief from judgment under WIS. STAT. § 806.07(1) (2023-24).[1] We conclude that the circuit court properly reject his claims. We also conclude that, while the decision is a close one, Mallett's appeal is not wholly frivolous. Accordingly, we affirm the order denying relief from judgment but we deny the motion of the respondent, American Family Connect Property and Casualty Insurance Company (American Family), for costs and fees under WIS. STAT. RULE 809.25(3).[2]

## BACKGROUND

¶2 Mallett, by counsel, pursued a personal injury suit following a car accident. The matter proceeded to a jury trial. The evidence included video recordings of deposition testimony from the parties' experts. The jury awarded Mallett $17,269 in past medical expenses and $10,000 in past pain, suffering, and disability. The award was less than the $50,000 that American Family had offered Mallett to settle the case before trial. American Family therefore sought reimbursement for its costs, filing its offer of judgment and bill of costs in support. *See* WIS. STAT. § 807.01(1). The circuit court entered judgment for Mallett in the amount of $27,269, less costs, for a total award of $24,740.11.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Although the caption of this proceeding in both the circuit court and this court identifies IDS Property Casualty Insurance Company (IDS) as a party to this matter, the record shows that IDS is now known as American Family Connect Property and Casualty Ins. Co. Accordingly, in this opinion we refer to American Family as the sole respondent.

¶3      Mallett, proceeding on his own behalf, subsequently moved for relief from the judgment. *See* WIS. STAT. § 806.07(1).  He asserted that his trial counsel had conspired with counsel for American Family to conduct video depositions in a manner that did not comply with the statutes governing such depositions and that the videos were then improperly edited before they were played for the jury.  He alleged that these procedures were a "surprise," warranting relief under § 806.07(1)(a), and that they constituted fraud, warranting relief under § 806.07(1)(c).  As further grounds for relief on the basis of fraud, Mallett alleged that the attorneys colluded in order to circumvent a duty to file documents, specifically, notices of deposition and rejected offers of settlement; and to prevent the circuit court from granting the deliberating jury's request for a read-back of the parties' respective recommendations for a damages award.

¶4      The circuit court denied the motion.  In a written order, the circuit court concluded that Mallett failed to offer any evidence of error or misconduct by counsel.

¶5      Mallet appeals.  He states that "the crux of the appellant's appeal is that ... through collision [sic], fraud, and subversion of the videotaped testimony," his attorney and the attorney for American Family "unlawfully" created, edited, and maintained the videotaped testimony.  He also renews his allegations that the attorneys demonstrated collusion by failing to file documents and by agreeing to deny the deliberating jury's request to have portions of the closing arguments read back.  We address these claims in turn.  As to Mallett's additional claim that the circuit court judge was biased against him, however, we conclude that the claim is forfeited because Mallett failed to raise it in the circuit court.

**DISCUSSION**

¶6    Mallett sets forth six standards of review at the start of his appellant's brief, asserting that they govern various issues that he believes are implicated in this appeal.  As American Family correctly explains, however, the issue before us is whether the circuit court properly denied Mallett's motion for relief from judgment.  The decision to grant or deny relief from judgment under WIS. STAT. § 806.07(1) rests in the circuit court's discretion.  *Milwaukee Women's Med. Serv., Inc. v. Scheidler*, 228 Wis. 2d 514, 524, 598 N.W.2d 588 (Ct. App. 1999).  We therefore review the circuit court's decision for an erroneous exercise of discretion.  *Werner v. Hendree*, 2011 WI 10, ¶59, 331 Wis. 2d 511, 795 N.W.2d 423.

¶7    We will uphold a discretionary decision if the circuit court considers the facts of record under a proper legal standard and reaches a conclusion that a reasonable judge could reach.  *Rumpff v. Rumpff*, 2004 WI App 197, ¶10, 276 Wis. 2d 606, 688 N.W.2d 699.  "[B]ecause the exercise of discretion is so essential to the [circuit] court's functioning, we generally look for reasons to sustain discretionary determinations."  *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610 (citation omitted).  With this standard of review in mind, we turn to Mallett's claims.

¶8    Mallett contends that the circuit court should have granted him relief under WIS. STAT. § 806.07(1)(c), which permits a circuit court to relieve a party from a judgment obtained by "[f]raud, misrepresentation, or other misconduct of

an adverse party[.]"[3] In support of relief, Mallett alleged that counsel for American Family colluded with Mallett's own lawyer to present fraudulent videorecorded depositions. Mallett had the burden to prove that allegation. *See Connor v. Connor*, 2001 WI 49, ¶28, 243 Wis. 2d 279, 627 N.W.2d 182.

¶9 As the circuit court explained, Mallett's evidence in support of collusion was the attorneys' alleged deviation from strict compliance with the procedures for videorecorded depositions described in WIS. STAT. §§ 885.40-885.47. Specifically, Mallett sought to carry his burden by alleging that the attorneys agreed to present edited versions of the videos that lacked the timestamps and certifications required by WIS. STAT. § 885.44(2), (7)-(8). Mallett, however, failed to show that any of the alleged procedural defects adversely impacted the substantive evidence or the verdict. The circuit court concluded that conducting and presenting video depositions in a manner satisfactory to both sides of a controversy does not demonstrate improper conduct.

¶10 The circuit court's conclusion constitutes a reasonable exercise of discretion. Our supreme court approves the use of courtesy agreements, *see Oostburg State Bank v. United Sav. & Loan Ass'n*, 130 Wis. 2d 4, 12-13, 386 N.W.2d 53 (1986), and the rules governing the practice of law in Milwaukee County require good faith efforts to cooperate and resolve differences, *see* Milwaukee County Circuit Court Rule 1.20 (2014). The circuit court therefore

---

[3] We note that in this court, Mallett does not renew or develop any claim that he was entitled to relief under WIS. STAT. § 806.07(1)(a), which permits relief from a judgment for, *inter alia*, "surprise." It appears that Mallett abandoned his claim for relief on this ground. We do not review claims that are abandoned, *see State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993), or address arguments that are undeveloped, *see State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). We therefore do not discuss the matter further.

reasonably determined that the attorneys' actions in presenting videorecorded evidence without objecting to procedural irregularities—minutiae at best—was not proof of "a grand conspiracy."

¶11     Mallett also sought to bolster his claim of fraud with an allegation that the video depositions were "illegally edited."  That allegation was wholly unsupported.  The record reflects that the circuit court held a pretrial hearing where it addressed and ruled on the parties' objections to the video depositions.  No dispute exists that the parties subsequently presented edited videos to the jury.  As American Family explains, "if the videos were improperly edited, it would be a simple matter of comparing the visual recordings played to the jury against the transcript and the required edits."  Mallett's motion for relief from judgment did not offer such a comparison or otherwise demonstrate that the editing failed to comply with the circuit court's rulings.  Indeed, the record reveals no basis for him to do so.

¶12     Although the docket entries show that the circuit court resolved the parties' objections to the depositions at a pretrial hearing held in open court with a court reporter present, Mallett does not direct our attention to a transcript of that hearing, and we have not located such a transcript in the record.  Mallett, as the appellant, was responsible for ensuring a complete record, and "when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling."  *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted).  We make that assumption here.  We therefore conclude that the depositions were edited as the circuit court required, not "illegally edited," as Mallett contends.  Accordingly, the circuit court did not erroneously exercise its discretion by rejecting Mallett's claim of fraud based on the editing of the videos.

¶13    Mallett next argues that the circuit court erred by rejecting his claim that the attorneys perpetrated a fraud by not filing the parties' rejected offers of settlement before trial. We again conclude that the circuit court properly exercised its discretion.

¶14    WISCONSIN STAT. § 807.01 sets out a procedure for settling a case short of trial and promotes settlements "by providing a disincentive for parties to proceed to trial when it is unlikely that the result of a trial will be more favorable to them than the offer of settlement." *Sachsenmaier v. Mittlestadt*, 145 Wis. 2d 781, 791, 429 N.W.2d 532 (Ct. App. 1988). Here, Mallett rejected American Family's offer of judgment. Therefore, when the jury returned a verdict that awarded Mallett less than American Family had offered to him, American Family moved for judgment on the verdict minus American Family's costs. *See* § 807.01(1). In support, American Family filed its pretrial offer of judgment and its bill of costs. The circuit court entered judgment accordingly.

¶15    In the motion for relief from judgment, Mallett pointed out that American Family's rejected offer of judgment was not filed in the circuit court before trial. He also asserted that he had made a pretrial offer of settlement under WIS. STAT. § 807.01(3), but that his rejected offer was never filed with the circuit court. According to Mallett, not filing the rejected offers before trial violated a filing requirement found in WIS. STAT. § 801.14(4).[4] In his view, the omission constituted fraud.

---

[4] WISCONSIN STAT. § 801.14(4) provides, as relevant here: "All papers after the summons required to be served upon a party, except as provided in [WIS. STAT. § 804.01(6)], shall be filed with the court within a reasonable time after service."

¶16 The circuit court rejected Mallett's arguments. It determined that even if the parties were required to file each rejected settlement offer—a contention with which the circuit court disagreed—the absence of such a filing did not suggest fraud or collusion between the lawyers, let alone substantiate such an allegation. Rather, it reflected that a rejected settlement offer made under WIS. STAT. § 807.01(1) or (3) is irrelevant unless the jury returns a verdict for an amount more favorable to the offering party than the amount stated in the offer.

¶17 Mallett does not demonstrate that the circuit court erred. The circuit court reasoned that rejected settlement offers have no impact on the evidence or on the jury's verdict. *See* WIS. STAT. § 807.01(1), (3). Mallett did not offer any basis to conclude otherwise. Thus, any failure to file a rejected offer in Mallett's case did not warrant relief from judgment, even if Mallett is correct that such a filing was required.[5] *See* WIS. STAT. § 805.18(2) (providing that a judgment shall not be set aside for a procedural error "unless in the opinion of the court to which the application is made ... it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment").

---

[5] The express terms of WIS. STAT. § 807.01 permit, but do not require, filing a settlement offer if it is *accepted. See **Briggs v. Farmers Ins. Exch.***, 2000 WI App 40, ¶15, 233 Wis. 2d 163, 607 N.W.2d 670. When an offer is rejected, the terms of § 807.01(1)-(3) mandate that the offer not be mentioned at trial. We observe that § 807.01(1) is the equivalent of Fed. R. Civ. P. 68. ***Dewitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship***, 2004 WI 92, ¶35 n.11, 273 Wis. 2d 577, 682 N.W.2d 839. Wisconsin federal courts hold that "a Rule 68 offer is not filed until it is accepted or until it is presented to the court when the defendant seeks to recover costs." *See, e.g., **Wilder Chiropractic, Inc. v. Pizza Hut of S. Wis., Inc.***, 754 F. Supp. 2d 1009, 1013 (W.D. Wis. 2010) (citations omitted); *see also **Estate of Enoch ex rel. Enoch v. Tienor**,* No. 07-C-376, at *1 (E.D. Wis. Aug. 6, 2008) (explaining that the "clear implication" of Rule 68 "is that an offer of judgment must not be filed with the Court unless it is accepted," and that "[t]he purpose of the prohibition is to prevent undue influence upon the Court and/or potential jury members").

¶18 Mallett contends that the record reflects additional missteps by counsel that he believes reflect fraudulent collusion. Specifically, he alleges that the attorneys acted improperly by not filing notices of deposition with the circuit court, an omission that he contends was a violation of WIS. STAT. § 801.14(4); and he alleges that the attorneys also acted improperly by agreeing that the circuit court should instruct the deliberating jurors to rely on their collective memory when they asked to hear again "the recommendations of damages... from both parties." The circuit court rejected the allegations. We see no error.

¶19 Regarding Mallett's claim that the attorneys were required to file notices of deposition, American Family correctly explains that WIS. STAT. § 804.05(2)(a) requires litigants to give reasonable notice of depositions to the parties; the statute does not require filing the notices with the circuit court. Moreover, WIS. STAT. § 801.14(4) provides that documents shall be filed within a reasonable time after service but the provision excepts documents described in WIS. STAT. § 804.01(6). Section 804.01(6)(a) provides that, absent a court order, "discovery documentation shall be retained by the party who initiated the discovery or that party's attorney." Milwaukee County Circuit Court Local Rule 1.11 (2014), entitled "Discovery Documents Shall Not be Filed," similarly reflects that the parties should retain custody of discovery documentation unless some need for filing arises. The circuit court thus reasonably rejected Mallett's efforts to prove collusion between the lawyers based on their retention of discovery documents.

¶20 As to Mallett's claim that the attorneys colluded to deny the jury's request to rehear closing arguments, Mallett failed to cite any authority that his trial counsel could have relied on to support granting such a request. A deliberating jury may ask to have specific portions of the testimony read to it. *See*

WIS JI—CIVIL 63; *see also* **State v. Cooper**, 4 Wis. 2d 251, 255-56, 89 N.W.2d 816 (1958). The arguments of counsel, however, are not testimony. WIS JI—CIVIL 110; *see also* **Frayer v. Lovell**, 190 Wis. 2d 794, 814-15, 529 N.W.2d 236 (Ct. App. 1995) (explaining that "arguments by counsel during summation do not constitute evidence, and it is up to the jury to draw its own conclusions from the evidence in answering the special verdict questions").[6]

¶21 Accordingly, the circuit court did not err by rejecting Mallett's contentions that the two trial attorneys demonstrated an intent to collude against Mallett because they took similar positions in regard to handling documents and responding to jury questions. The circuit court's conclusion was based on the facts of the case and was supported by applicable law. The decision therefore constituted a reasonable exercise of discretion. *See* **Rumpff**, 276 Wis. 2d 606, ¶10.

¶22 Mallett also argues that he is entitled to relief because the circuit court was biased against him. Mallett did not raise this claim in his motion for relief from judgment. "The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal." **State v. Caban**, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997); *see also* **State v. Klapps**, 2021 WI App

---

[6] We observe that, pursuant to WIS. STAT. § 805.13(2)(a)1., jurors are prohibited from taking notes during opening statement and closing argument, thus discouraging juror reliance on counsels' arguments.

5, ¶28, 395 Wis. 2d 743, 954 N.W.2d 38 (recognizing that a claim of judicial bias is subject to forfeiture). We apply the rule here.[7]

¶23 Last, we address American Family's motion asking this court to conclude that Mallett's appeal is frivolous and to award American Family its reasonable costs and attorneys fees as a sanction. *See* WIS. STAT. RULE 809.25(3). This court will deny the motion.

¶24 Whether an appeal is frivolous is a question of law. ***Howell v. Denomie***, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. Sanctions for a frivolous appeal will be imposed if this court concludes that the appeal was "filed, used or continued in bad faith," or that the appellant "knew, or should have known, that the appeal ... [had no] reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *See* WIS. STAT. RULE 809.25(3)(c).

¶25 We agree with American Family that Mallett's appellate arguments have little merit. We also acknowledge that Mallett's appeal challenged the circuit court's exercise of discretion, a difficult standard to overcome in the best of cases,

---

[7] For the sake of completeness, we note that, were we to overlook the forfeiture of the judicial bias issue, Mallett would nonetheless not prevail. His claim of judicial bias is primarily based on the circuit court's analyses and decisions in this case. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." ***Liteky v. United States***, 510 U.S. 540, 555 (1994). Mallett also seeks to support his claim by pointing to the circuit court's remarks during a post-verdict hearing at which Mallett sought to avoid paying his attorney's fees. In those remarks, the circuit court expressed confusion about Mallett's position and asked to hear first from one of the attorneys. The circuit court then cautioned Mallett that he could not rely on conclusory allegations about his attorney and directed him to "be specific" about anything improper that his lawyer allegedly did to warrant an order forfeiting fees. Mallett misplaces reliance on statements of this kind as proof of bias. A party cannot establish judicial bias by pointing to a judge's efforts at courtroom administration or to a judge's remarks signaling disapproval of or skepticism about a party's position. *See **id.*** at 555-56.

*see* ***Nelson v. Machut***, 138 Wis. 2d 301, 309, 405 N.W.2d 776 (Ct. App. 1987), and that the instant appeal did not present the best of cases. Nonetheless, Mallett offered citations to statutory language and to case law, and we conclude that his attempts to apply those authorities to his case did not cross the line that separates a feeble argument from a frivolous one. Accordingly, while we view the question as a close one, we deny the motion for sanctions under WIS. STAT. RULE 809.25(3).

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.